## BEASLEY *vs.* THE STATE.

1. In an indictment under the statute for an assault with intent to murder, it is necessary to specify the acts, which constitute the assault.

2. The statute changing the punishment of an assault, when accompanied with the intent to murder, does not create a new offence. The assault should therefore be alleged as at common law, with the additional averment of the intent with which it was committed.

3. An indictment for an act which was a misdemeanor at the common law, and which by the penal code has been made a felony, need not allege that the act was *feloniously* done. (See Clay's Dig. 442, § 26.)

Error to the Circuit Court of Butler. Tried before the Hon. Geo. Goldthwaite.

Watts & Judge, for the plaintiff in error:

1. The demurrer to the first count in the indictment should have been sustained, first, because the indictment charges "an assault with intent" merely as a legal conclusion, no facts or circumstances constituting the offence being set forth.—See Lamberlin v. State of Ohio, 11 Ohio, 282; Turnipseed v. The State, 6 Ala. 664, and authorities there cited; Clarissa v. The State, 11 ib. 57; (in the State v. Marshall, 14 Ala. 411, the point here made is not decided, although made;) State v. Rains, 3 McCord, 533; State v. Foster, ib. 442; State v. Wimberly, ib. 190; State v. Perry, 2 Bail.; Archb. Crim. Pl., top page, 38, (marg. p. 39,) where it is stated that all the facts and circumstances constituting the offence must be specifically set forth.— See also, Commonwealth v. Strain, 10 Metc. 521; Commonwealth v. Wyman, 8 ib. 247; People v. Gates, 13 Wend. 311; Lambert v. People, 9 Cow. 578; Key v. Baker, 47 Eng. Com. Law, 254; Moore v. Commonwealth, 6 Metc. 243, shows that an indictment for adultery must charge something more than that the parties lived in adultery.—See also, The State v. Simpson, 5 Yerg. 356, where it is held that an indictment charging the making of an affray is not sufficient, but must set forth the facts.

2. The demurrer should have been sustained, because the assault with intent, &c., being a felony by our statutes, (see Hughes v. The State, 12 Ala. 458,) the indictment ought to have charged the assault to have been done "feloniously." All

felonies, *whether created by statute or at common law, must be charged to have been committed* "feloniously."—See 2 Hale, 184-5; Archb. (top page) 46-7; State v. Jesse, 2 Dev. & Bat. 297 ; Curtis v. People, 1 Scam. 285-6 ; State v. Herrell, Geo. Dec. 1 part, page 158. The fact that the word "felonious" is found in the conclusion of the indictment is not sufficient. This merely characterises the felony intended to have been committed.—See Williams v. The State, 8 Humph. 535, which is precisely in point; see State v. Jesse, *supra.* But it is said that this principle is modified by our statute, to be found in Clay's Dig. 442, § 26, which declares that all indictments for offences inhibited in this code, which are offences at common law, shall be good, if the offence be charged or described according to the common law, &c. This, then, brings us to the question whether the first count in the indictment charges the offence according to the common law? We concede that an assault with intent, &c., was a misdemeanor at the common law, (1 East. P. C., 411,) but we say that the offence in this count is not charged or described according to the common law—first, the common law required all felonies, whether at common law or created by statute, to be charged to have been done feloniously.—See Archb. *supra*, and particularly Williams v. The State, 8 Humph. *supra*, and other authorities above cited. Secondly, the facts and circumstances making the offence are not set forth.—See forms in Archb., and particulars for assault with intent as a misdemeaner, (top page 432-3.)

3. The count does not set forth with that certainty and legal precision, necessary in criminal proceedings, " the nature and cause of the accusation and according to the forms which the law has prescribed."—See Bill of Rights, §§ 10-11; Clay's Dig. 26.

ATTORNEY GENERAL, for the State :

1. It is urged that the demurrer to the indictment should have been sustained, because the assault is not charged to have been feloniously committed. It is undoubtedly the rule that all felonies, whether at common law or by statute, must be laid to have been done feloniously.—Archb. Crim. Pl., 49. Our statute makes assaults with intent to murder, a felony, (Clay's Dig. 416, § 30, and 439, § 8,) and there is no doubt but that

the assault should be laid to have been feloniously done; unless it is cured by § 26, Clay's Dig. 442. And this leads to the enquiry as to what kind of an offence was an assault with intent to murder, at common law? It was no felony at common law, but a misdemeanor or an aggravated assault.—Archb. 442-5, to form of indictment; Commonwealth v. Barlow, 4 Mass. 439; Peek v. State, 2 Humph 85. The cases refered to by counsel for defendant, in which the word feloniously was held essential, were indictments for felony created by statute.—See indictment for stabbing, Archb. 438-49; State v. Williams, 8 Humph. 595; State v. Jesse, 2 Dev. & Bat. 299.

2. Should the demurrer have been sustained, for the reason that the means by which the assault was made are not set out in the indictment? In indictments upon statutory offences, it is sufficient, and indeed, said to be the best and safest way, to charge the offence generally, in the words of the statute.—2 Barr. 1036; U. S. v. Bachelor, 2 Gallis, 15; The State v. Duncan, 9 Port. 260; The Sate v. Brily, 8 ib. 474; State v. Click, 2 Ala. 28; contra, State v. Brown, 4 Port. 410; State v. Turnipseed, 6 Ala. 664. True, it is a rule, that indictments must contain such a description of the offence as to apprise the party charged of what he is called upon to defend, &c., yet in cases of assaults and batteries, the means of the assault need not be mentioned in the indictment. In indictments for receiving stolen goods, the principal thief need not be mentioned.— Archb. 270; State v. Hinton & Watson, 6 Ala. 864. The case of Turnipseed v. The State, *supra*, goes further to sustain the position taken, that the means by which an offence was committed must be stated, than any case I have seen. The true rule is, that it is sufficient to charge the crime in the words of the statute, unless the subject of the indictment cannot be brought within the meaning of the statute, without the aid of extrinsic evidence.—Archb. 51. The State v. Clarissa, 11 Ala. 57, is based upon a statute which makes it essential to set out the means.—Clay's Dig. 272, § 4. In indictments on the statute for stabbing, the instrument or means need not be stated, and if stated need not be proved.—Archb. 449. In indictments for resisting an officer, it is not necessary to set forth the particular act of obstruction.—U. S. v. Bachelor, 2 Gallis, 15; McGuire v. People, 3 Gilman, 76. An indictment for distributing public

36

worship need not set out the means by which the disturbance was effected.—Commonwealth v. Daniel, 2 Virg. Cases, 402. An indictment for a malicious trespass need not state the means used to effect the injury.—State v. Merrill, 3 Blackf. 346. To solicit a servant to steal from his master goods, &c., without stating any act done except the soliciting or enticing, is sufficient. The gist of the offence is the attempt, endeavor or soliciting— the manner of doing it is matter of evidence and need not be laid. —The King v. Higgins, 2 East. 11. Under statute making it a felony to endeavor to seduce a soldier from his duty, it is sufficient to charge in the indictment an endeavor, without specifying the means used.—Rex v. Fuller, 1 Bos. & Pull. 184.

3. In indictments for assaults with intent to commit a felony, the same particularity is not necessary as is required in indictments for the commission of the offence itself.—Wharton's Crim. Law, 317; The State v. Dent, 3 G. & Johns. 8; People v. Bush, 4 Hill, 133; The State v. Cassell, 2 H. & Gill. 410; People v. Pettit, 3 Johns. 511; Scott v. Commonwealth, 6 S. & Rawle, 224.

DARGAN, C. J.—1. The first count in this indictment is for an assault with the intent to commit murder. It is charged thus—"that Lemuel Beasley, late of said county, on the 20th day of March, in the year of our Lord one thousand eight hundred and forty-six, with force and arms, in the county aforesaid, in and upon one Charles P. Salter, in the peace of God and said State, then and there being, did make an assault with intent him, the said Charles P. Salter, then and there feloniously, wilfully and of his malice aforethought to kill and murder." To this count in the indictment the defendant demurred, because no facts constituting an assault were alleged, but the demurrer was overruled. The prisoner being found guilty by the jury, he moved in arrest of judgment for the same reason, and his motion was overruled, but the court certified the question, as to the sufficiency of the indictment, to this court as one novel and difficult.

Every offence cognizable by law consists in the commission or omission of certain acts, done or omitted to be done, under circumstances that render the commission or omission of such acts an offence: and the general rule of pleading is, that every

fact or circumstance which is a necessary ingredient in the offence must be set forth in the indictment, otherwise it is defective. There are, it is true, some exceptions to this general rule, which are noted in Archb. Crim. Pl., 42, but the case before us is not one of them, and we must, therefore, decide whether the first count in this indictment sufficiently sets forth the facts, which constitute the offence with which the prisoner is charged. An assault is an effort or an attempt to commit an offence against the person of another with force ; as an attempt to strike one in striking distance, or to shoot one, who is within the range that the gun will carry, &c.; that the effort failed of its intended effect does not excuse the party, but having done the acts which constitute the assault, he is guilty of the offence. But as the assault itself must consist in the commission of certain acts, we cannot hold that it is unnecessary to allege them, without violating one of the first principles of pleading. In the case of The State v. Dent, 3 G. & Johns. 8, the indictment merely alleged that the accused "did make an assault with intent him, the said Joseph Darger, then and there feloniously, wilfully, and of his malice aforethought, to kill and murder," and the Court of Appeals of Maryland, held the indictment good. But the authority for which the court seems to have mostly relied, (which is the case of The People v. Pettit, 3 Johns. 504,) certainly does not sustain the conclusion which the Court of Appeals of Maryland attained. In the case in 3 Johns., the facts which constituted the assault were set forth in the indictment, and the objection was, that it did not appear that these acts were done feloniously, nor was the instrument with which the assault was made described with sufficient certainty. The court held that as the acts were charged to have been done with the intent to commit murder, it was sufficient, and that it was enough to state the facts requisite to constitute an assault and battery, and to aver the intent with which they were done. Now I fully agree that it is only necessary, under our statutes, to aver the facts necessary to constitute the assault, and the intent with which these acts were done, but this is not the question before us, nor was it the question in the case of The State v. Dent, 3 G. & Johns., supra, but in that case, as in the case now under consideration, the simple question was whether it is not necessary to allege the acts constituting the assault. I cannot entertain a

doubt but that it is.    The general rule of pleading requires that the indictment should contain a complete description of the offence, not only that the party may know what he is called upon to answer, but also that the court, upon the inspection of the record, may clearly see that he has done, or omitted to do, those acts which constitute the crime with which he is charged.    Now an assault is the technical name of the offence, but it consists in the commission of an act or acts, and these acts should have been alleged that the court might have clearly seen that the prisoner was guilty of the offence.

2. But it is contended for the State that inasmuch as our statutes make an assault with intent to commit murder a felony, it is only necessary to allege the offence in the language of the act.    The rule is, that when a statute creates a new offence and describes its ingredients, it is sufficient in an indictment to describe the offence in the language of the act.—Turnipseed v. The State, 6 Ala. 664; Eubanks v. The State, 17 ib. 181. But an assault with intent to murder is not an offence created by statute; it existed at the common law, and our Penal Code, without altering the constituents of this crime, changes the punishment and makes it a felony.    When I say that an assault with intent to commit murder was an offence at common law, I mean that it was considered as an assault, which was an offence, and the intent with which it was done only aggravated its character. I admit that there was no such technical crime as an assault with intent to murder, for if there was no battery, but an assault only, whatever may have been the intent, it was a misdemeanor and punished at common law as an assault alone.    But our statutes altering the punishments of such assaults, on account of the intent with which they were committed, created no new offence. The offence itself must, therefore, be described as at the common law, and when it is connected with the intent to commit murder, and so alleged and proved, it becomes a felony.    But the indictment must aver the facts which constitute the assault, and then allege the intent with which the assault was made. We have dwelt longer on this case than usual.    The reason for it, however, is, that we have been able to find but one case in which the same question has directly come up, that is the case from 3 G. & Johns.; and we are constrained to say that the judgment in that case is not a correct exposition of the law.

3. It is also insisted by the counsel of the prisoner, that the indictment must contain, not only the acts which constitute the assault, but that it must be also averred that these acts were feloniously done. In this we cannot agree with the prisoner's counsel. I admit that if an offence, which was a misdemeanor only at the common law, be raised by statute to a felony without more, then the indictment should show that the acts constituting the crime were feloniously done. But by our Penal Code, which makes the offence with which the accused is charged a felony, it is enacted, "that all indictments for offences inhibited thereby, and which are offences at the common law, shall be good, if the offence is charged or described according to the common law, and the party charged, on conviction, shall receive the punishment prescribed by the statute."—Clay's Dig. 442, § 26. The true intention of this section of the act is, that notwithstanding the change in the grade of the crime, it shall not be necessary to change the character of the indictment, nor the description of the offence, but if the offence be alleged as it would have been at common law, it will be good, and judgment for a felony may be pronounced upon it.

The other questions raised by the prisoner, we do not deem worthy of particular notice. There is but one error in the record, and that consists in the defect in the indictment, in not alleging the facts which constituted the assault. For this error, the judgment must be reversed and the cause remanded, that the prisoner may be indicted again, and in the meantime he will be detained in custody, unless discharged by due course of law.