# CHRIS. CORCORAN

## v

# CELIA PONCINI.

*Trespass—Assault and Battery—Damages—Evidence—Testimony of Child—Criminal Law.*

1. In an action of trespass, brought for the recovery of damages for injuries suffered by reason of an assault and battery, this court declines, in view of the evidence, to interfere with the verdict for the plaintiff.

2. In the case presented it is *held:* That the refusal to allow a boy ten years old to testify was proper, no statement having been made as to what was expected to be proved by him, and no question having been propounded to him from which the same could be inferred.

[Opinion filed December 24, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. GARDNER, McFADON & GARDNER, for appellant.

The court below also erred in refusing to allow Bernard Brady to testify on behalf of defendant.

The evidence showed he was ten years old going on eleven, believed in a God and in a hereafter, and that he would be punished hereafter if he committed perjury in this case.

In Noble v. People, Breese, p. 54, the court says: "I conceive the law to be that all persons who believe in the existence of a God and a future state, are on this account good witnesses."

In Draper v. Draper, 68 Ill. 17, it was held that a child of nine years of age was competent, who on *voir dire* testified that she understood the nature of an oath, and that if she didn't tell the truth she would go to hell. On page 19 the court said: "This is believed to be within the most rigid test as to the knowledge necessary to permit persons to testify." The boy was confused by the subsequent examination of the

Corcoran v. Poncini.

court and failed to answer some of the questions. Under the law of Illincis, the witness being competent, it is to be presumed that his testimony would have been material.

Messrs. JONES & LUSK, for appellee.

GARNETT, J.   This is an action of trespass brought by appellee against appellant to recover damages for assault and battery.   The jury rendered a verdict for $150 upon which judgment was rendered, and appellant now asks for a reversal. He says the verdict was against the evidence.   The plaintiff and her sister testify positively to the striking.   The only positive evidence to the contrary is that of the defendant himself.   He called four other witnesses of the occurrence, only one of whom testified that she saw the whole transaction and she goes no further than to say that she did not see Corcoran strike the plaintiff.   No one of the other three stated whether he struck her or not.

We have carefully examined the evidence, and find that a reversal on this ground would not be consistent with the rule that a verdict should remain undisturbed unless it is manifestly against the weight of the evidence.

The refusal of the court to permit Bernard Brady, a boy ten years old, to testify, is another point urged by appellant. The only question put to the proposed witness relates to his belief in God and a future life and his comprehension of the nature of an oath.   No statement was made by counsel as to what he intended to prove by the witness, and as no question was propounded to him from which it can possibly be inferred that he knew anything of the material facts, the appellant's case can not be said to have suffered from the ruling.   Gaffield v. Scott, 33 Ill. App. 317.   No error is perceived in the giving or refusing of instructions.   The judgment is affirmed.

*Judgment affirmed.*