# Scoggins *et al. v.* The State.

*Indictment for an Assault with Intent to Murder.*

1. *Plea of self-defense; when can not be invoked.*—A defendant can not rely upon the plea of self-defense in justification of a blow struck during a rencounter, which he provoked, or in which he was the aggressor.

2. *Assault with intent to murder; charge to the jury.*—On a trial under an indictment for assault with intent to murder, where it is shown that the assault was made by the defendants shooting the party assaulted in a rencounter in which they were the aggressors, a charge is free from error which instructs the·jury that, if they believe beyond a reasonable doubt that the assault in this case "was in a sudden rencounter or affray and caused by the defendants by the use of deadly weapons which were concealed before the commencement of the fight, * * their adversary having no deadly weapon drawn, then the defendants would be guilty of an assault with intent to murder."

3. *Self-defense; charge ignoring freedom from fault properly refused.* Before a defendant can set up the plea of self-defense, he must be free from fault in bringing on the difficulty; and charges to the jury in a case in which the defendant pleads self-defense, which ignore freedom from fault on the part of the defendant in bringing on the difficulty, in which the assault charged was committed, are properly refused.

4. *Same; duty of retreat.*—In a case where the defendant pleads self-defense, a charge to the jury which ignores the duty of retreat by the defendant, if he could have done so safely, is erroneous and properly refused.

5. *Same; assault with intent to murder; freedom from fault in bringing on the difficulty.*—The fact that the defendant charged with an assault with intent to murder, approached the person assaulted

24

[Scoggins, *et al.* v. The State.]

in a peaceable manner, does not prevent him from having been the aggressor in the difficulty ensuing; and a charge which hypothesizes freedom from fault on the fact that the defendant approached the person assaulted with no intention of bringing on the difficulty, and ignores the evidence in the case tending to show that the defendant was the aggressor in the difficulty ensuing, is properly refused.

6. *Assault with intent to murder; irrelevant evidence* —On a trial under an indictment for an assault with intent to murder, where the evidence for the defendants tended to show that the person assaulted had seduced the sister of the defendants, which fact they had learned the night before the assault charged, but the evidence was without conflict that the defendants were at fault in bringing on the difficulty, it is not competent for the defendants to prove by their said sister that the person assaulted, after having had illicit relations with her, told her that if her father and brothers ever said anything to him about it, he would kill them, and further, that the person assaulted was the father of her illegitimate child.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. THOMAS R. ROULHAC.

The appellants, Hollis Scoggins and Chassie Scoggins, were indicted, tried and convicted for an assault upon one Gabe Chilcoat, with a pistol, with the intent to murder, and were sentenced to the penitentiary for four years.

On the trial of the cause, the evidence for the State tended to show that while Gabe Chilcoat was riding horseback along a country road, defendants stopped him by catching hold of the horse's bridle, and after exchanging a few words one of the defendant's fired upon him, and after said Chilcoat had fallen from his horse and turned to run, said defendants continued to fire; and that said Chilcoat was shot by the defendants, or one of them, seven times.

The evidence for the defendants tended to show that said Chilcoat had seduced their sister; that they learned of this fact the night before the shooting, and that when they approached said Chilcoat they asked him why he seduced their sister; that Chilcoat replied that he had not done so, and upon being told that they knew he had, Chilcoat cursed them, and after saying that he was ready for them, threw his right hand behind him to his pistol

pocket, and that when that was done, one of the defendants drew his pistol and began firing at him. There were other witnesses introduced by the defendants, whose testimony tended to show that Chilcoat had ruined defendants' sister.

Upon the examination of the said sister, Annie Scoggins, after she had testified to her seduction by said Chilcoat, she was asked whether or not said Chilcoat had had illicit relations with her the last time he was at her father's house, and if he told her on said day, that if her father and brothers ever said anything to him about it, he would kill them? The solicitor objected to this question, the court sustained the objection, and the defendants excepted. Thereupon the defendants asked said witness, whether or not said Chilcoat was the father of her illegitimate child? The solicitor objected to this question, the court sustained the objection, and the defendant duly excepted.

Upon the introduction of all the evidence, the court in its general charge to the jury, among others, gave the following instructions : (1.) "I charge you, gentlemen of the jury, that if the defendants approached Chilcoat and asked him why he had seduced their sister, and that Chilcoat replied that he had not done so, and that the defendants then said to him 'You need not deny it for you know you are guilty,' the defendants are not without fault in bringing on the difficulty and can not invoke the doctrine of self-defense." (2,) "I charge you that if you believe from the evidence beyond a reasonable doubt that the assault in this case, if one was committed, was in a sudden rencounter or affray and caused by the defendants by the use of deadly weapons which were concealed before the commencement of the fight, Chilcoat, their adversary, having no deadly weapon drawn, then the defendants would be guilty of an assault with intent to murder." To the giving of each of these portions of the general charge the defendants separately excepted, and also separately excepted to the court's refusal to give each of the following charges requested by them : (3.) "If the defendants in this case did not provoke or bring on the difficulty, but approached Chilcoat in an orderly and peaceful manner, and Chilcoat replied angrily and insultingly, placed his hand upon or in the

direction of his pistol pocket in such a manner as to indicate to a reasonable man that his purpose was to draw and fire, the defendants were authorized to anticipate him and fire first. I charge you further that the defendants would be entitled to an acquittal at your hands, if it should turn out that Chilcoat was unarmed, provided they were without fault." (4.) "Gentlemen, the defendants are charged with the offense of an assault with intent to murder Gabe Chilcoat, which under our law is a felony. The law is given you in charge by the court, but you are the sole judges of the testimony. As jurors it is your duty to give the evidence your most careful consideration. If from all the evidence you believe beyond all reasonable doubt that the defendants are guilty of an assault with intent to murder you should so find; but I further charge you that sudden passion upon adequate provocation may deprive the assault of it felonious character, and if you believe from all the evidence in this case that the defendants were so actuated by a sudden passion engendered by an adequate provocation, then, in that event, you should not find the defendants guilty of an assault with intent to murder." (5.) "If the defendants, with no intention of bringing on a difficulty, approached Chilcoat in a peaceable manner, and Chilcoat made a hostile demonstration by appearing to draw a pistol, in such a manner as to indicate to a reasonable man that his purpose was to draw and fire, and if the defendants were in such proximity to Chilcoat as to render it hazardous to attempt flight, then the law would not require the accused to endanger their safety by attempting flight." (6.) "Gentlemen, the defendants are charged with the offense of assault with intent to murder Gabe Chilcoat, which under our law is a felony. The law is given you in charge by the court, but you are the sole judges of the facts. As good citizens and as jurors it is your duty to give the evidence your most careful consideration. If from all the evidence you believe beyond all reasonable doubt that the defendants are guilty of an assault with intent to murder, you should so find; but I further charge you that sudden passion upon adequate provocation may deprive the assault of its felonious character, and in such case, if the evidence

[Scoggins, *et al.* v. The State.]

convinces you it to be true, you should not convict the defendants of assault with intent to murder. If you have a reasonable doubt from the evidence of the defendants' guilt of an assault with intent to murder, then you should consider whether they are guilty of an assault. If you are satisfied from all the evidence beyond all reasonable doubt that the defendants are guilty of an assault, then you should find them guilty, and (may) assess a fine of not more than $500." (7.) "I charge you that if you believe the evidence, you must find the defendants not guilty."

JAMES JACKSON and LOWE & ABERCROMBIE, for appellants, cited *DeArman v. State*, 71 Ala. 351; *Allen v. State*, 52 Ala. 391; *Robinson v. State*, 54 Ala. 86.

WILLIAM C. FITTS, Attorney-General, for the State. The portion of the court's general charge to which exceptions were reserved were free from error.—*Compton v. State*, 110 Ala. 24; *Jackson v. State*, 81 Ala. 33; *Miller v. State*, 107 Ala. 40; *Johnson v. State*, 102 Ala. 1; *Boulden v. State*, 102 Ala. 78; *Rains v. State*, 88 Ala. 91; *Wilkins v. State*, 98 Ala. 1.

The charges requested by the defendants were properly refused.—*Bonner v. State*, 107 Ala. 97; *Shelby v. State*, 97 Ala. 87; *Blackshear v. State*, 88 Ala. 35; *Smith v. State*, 92 Ala. 30.

The court did not err in its rulings upon the evidence. *Rogers v. State*, 117 Ala. 192.

HARALSON, J.—The 1st charge given by the court asserts a correct proposition of law. The settled rule in this court is, that a defendant must be entirely free from fault in bringing on the difficulty, before he can set up the plea of self-defense. If the facts hypothesized were true, the defendants were not free from fault.— *Ellis v. The State, ante*, p. 333.

The 2d charge is in the substantial language of section 4856 (3727) of the Code, in defining murder in the second degree on the facts hypothesized, and the charge as given was a very proper instruction in a case of this character.

The rule is familiar that no one can avail himself of the plea of self-defense, in a case of homicide, or assault with intent to murder, when the defendant was himself the aggressor, and willfully brought on himself, without legal excuse, the necessity for the killing, or the assault made. He who provokes a personal rencounter, in any case, thereby disables himself from relying on the plea of self-defense in justification of a blow which he struck during the rencounter.—*Page v. The State*, 69 Ala. 229; *Leonard v. The State*, 66 Ala. 461; *Kimbrough v. The State*, 62 Ala. 248. Refused charge numbered 3, under the undisputed evidence, is in contravention of the foregoing rule. Moreover, it ignores the duty of retreat by defendants if they could have done so safely.

The 4th and 6th charges carefully ignore freedom from fault in defendants in provoking the rencounter in which they shot the party assaulted, as well as their duty to retreat, and were properly refused. Besides, there is no evidence that defendants in making the assault were actuated by passion suddenly aroused. Their own admissions show that no such passion existed, and that their assault did not result therefrom.

The fifth charge was properly refused. It does not sufficiently hypothesize freedom from fault in bringing on difficulty. Defendants may have approached the party they assaulted, with no intention of bringing on a difficulty, and yet, they may have been guilty of doing an act or saying something at the time, that made them the aggressors.

The evidence is without conflict that defendants were in fault in producing their alleged necessity to shoot the party assaulted. Their own evidence admits it. It was not proper, therefore, to hypothesize in their defense, as this charge did, for the consideration and ascertainment by the jury, a fact as doubtful, which the defendants themselves admitted to be true.

From what has been said, it will appear, that there was no error in sustaining the objections to the questions propounded by defendants to their witness, Annie Scoggins. There is no question of self-defense in the case,

[Maxwell v. The State.]

the evidence being without conflict, as has been stated, that defendants were in fault in bringing on the difficulty.

We find no error in the record, and the judgment and sentence of the court below are affirmed.

Affirmed.