# Ray *v*. The State.

*Assault with Intent to Murder.*

(Decided June 5th, 1906. 41 So. Rep. 519.)

1. *Homicide; Assault with Intent; Proof of Intent.*—Intent, in assault with intent to murder, like in murder, need not be specifically proven, but may be inferred by the jury from the character of the assault, the weapon used, and other attendant circumstances.

2. *Same; Instructions.*—A charge asserting that if accused shot B. with intent to kill him, and such shooting was done in a sudden rencounter or affray, by the use of a deadly weapon concealed before the commencement of the fight, and B. had no deadly weapon drawn, and accused was the assailant, the jury should find him guilty is erroneous, as an intent to *murder* and not to *kill* is necessary, and it is immaterial whether accused' weapon was concealed or not, as section 4856, Code 1896, applies only to cases of homicide, and not to assaults to murder. (Overruling *Scroggins v. State*, 120 Ala. 369; 25 So. Rep. 180.)

3. *Same; Harmless Error; Admission of Evidence.*—In a prosecution for assault with intent to murder it is immaterial whether or not accused had on a coat and that witness could not see his weapon until it was drawn, yet such testimony was part of the res gestae, and its admission was harmless error.

4. *Criminal Law; Evidence; Conversations.*—Where the State introduced parts of conversations, immaterial as evidence, the defendant was entitled to bring out all of the conversations, or give his version of it, and it was error to refuse to permit him to do so.

APPEAL from Mobile City Court.
Heard before the Hon O. J. SEMMES.

The defendant was indicted, tried, and convicted for assaulting one Blalock. with a pistol with the intent to murder him. The evidence tended to show that Clarence Blalock was shot by defendant about November 1, 1904; that there were three pistol wounds, one near the

knee, one in the shoulder, and one near the spine, in the back, opposite the tenth back bone. A conversation was introduced by the State between witness Blalock and a young lady at the depot in the waiting room named Claywell, when an officer interfered and said something to witness; that afterwards an altercation arose between witness and the officer, and a difficulty ensued, in which the officer struck witness and the witness struck the officer two or three times, when the officer put his hand behind his back and witness ran, when the shots were fired. The defendant offered to prove by its witness Wilkins the conversation between the young lady and the prosecutor just prior to the difficulty, and to that end asked a number of questions as to what that conversation was, to which the court sustained objections. The defendant endeavored to offer several sections of the Code of the city of Mobile relative to the duties of police officers, objection to which was sustained. The defendant excepted to the following part of the oral charge of the court: "If you find that a person has killed another by the use of unlawful force with a weapon calculated to take life in such a manner as calculated to produce death, the presumption would arise that the killing was intentional, unless the evidence which proves the killing, or some other evidence in the case, negatives this presumption." And: "The law is that where a killing is effected by the use of a deadly weapon, malice would be implied from the use of such a weapon, unless the evidence which shows the killing, or some other evidence in the case, negatives the presumption. The defendant requested the following charge, which was refused: Charge A: "Before a defendant can be convicted of an assault with intent to murder, the evidence must satisfy the jury beyond a reasonable doubt that he intended to murder the person assaulted. Proof that he intended to kill such person is not sufficient." At the request of the state the court gave the following written charge: "If the jury believe from the evidence beyond a reasonable doubt that the defendant shot Blalock with a pistol, with intent to kill him, in Mobile county, within three years before the finding of this indictment, and that such shooting was done in

[Ray v. The State.]

sudden encounter or affray, by the use of a deadlyweapon which was concealed before the commencement of the fight, and that Blalock had no deadly weapon drawn, and that the defendant Ray was the assailant in said difficulty, they should find the defendant guilty of assaulting said Blalock with the intent to murder him."

GREGORY L. & H. T. SMITH, for appellant.—Section 4856 has been held applicable to assault with intent to murder.—*Scroggins v. The State,* 120 Ala. 372. If this be true, and the court so charged then the evidence offered by defendant as to the conversations and the actions of Blalock was relevant as showing who was the assailant.—*Scales v. The State,* 96 Ala. 75; *Mitchell v. The State,* 60 Ala. 26; *Ex parte Nettles,* 58 Ala. 75.

Besides all this the state introduced the conversation, and the defendant had the right to the whole of it.—*Gibson v. The State,* 91 Ala. 69.

It is submitted that the case of *Scroggins v. State, supra,* is in conflict with the other authorities in this state in holding that sec. 4856 is applicable to assault with intent to murder, and that on reason and authorty it should not be made so.—*Ogletree v. The State,* 28 Ala. 693; *Wall v. The State,* 90 Ala. 618; *Washington et al. v. The State* 53, Ala. 33; *Moore v. The State,* 18 Ala. 531.

The court cannot properly charge the jury in a case of assault with intent to murder that the use of a deadly weapon raises the presumption in law of an intent to kill and also of malice.—*Ogletree v. State, supra,* 1 Bishop's Criminal Law, sec. 514; *Simpson v. The State,* 59 Ala. 10; *Moore v. The State, supra.* The court therefore erred in giving the charge excepted to and in refusing the charges asked by the defendant. Authorities supra.

MASSEY WILSON, Attorney-General, for State.—It has been too long settled now for an attempt to say that Sec. 4856 does not apply to cases like the one under consideration.—*Scroggins v. The State,* 120 Ala. 372; *Williams v. The State,* 77 Ala. 53; *Horn v. The State,* 98 Ala. 23; *Scales v. The State,* 96 Ala. 69. What Blalock said to the young lady was not a part of the res gestae, and

comes within the rule of excluding proof of motive and intention, as well as of a previous difficulty.—*Fonville v. State,* 91 Ala. 39; *Seams v. State,* 84 Ala. 410; *Gordon v. State,* 140 Ala. 29.

The charge of the court on the presumptions attending the intentional use of deadly weapon was correct.—*McElroy v. The State,* 75 Ala. 9; *Williams v. The State,* 77 Ala. 53; *Horn v. The State,* 98 Ala. 23.

ANDERSON, J.—The defendant was indicted and tried under section 4346 of the Code of 1896, which provides: "Any person who commits an assault upon another, with intent to murder," etc. And in order to convict the defendant it is incumbent upon the state to prove that the assault was committed with the intent to murder; but, like malicious intent in murder, it may be inferred by the jury from the character of the assault, the use of a deadly weapon, and the other attendant circumstances.—*Wails v. State,* 90 Ala. 618, 8 South. 680 (where the case of *Smith v. State,* 88 Ala. 23, 7 South. 103, is explained and qualified); *Ogletree v. State,* 28 Ala. 693; *Simpson v. State,* 59 Ala. 1, 31 Am. Rep. 1; *Smith v. State,* 83 Ala. 26, 3 South. 551. Section 4856 of the Code of 1896, making a killing with a concealed weapon under certain conditions murder in the second degree, has no appliction to an assault to murder. Under the former the intent to murder is the very essence of the offnse, while the statute with reference to the latter is intended to make certain homicids murder in the second degree, regardless of the intent.

A charge in a case of assault to murder, which predicates a conviction upon the use of a concealed weapon under certain conditions, regardless of the intent, is bad, notwithstanding it would be a good charge in a homicide case; and the case of *Scroggins v. State,* 120 Ala. 369, 25 South. 180, in so far as it holds that such a charge was good in cases of assault to murder is hereby overruled. The trial court erred in giving charge 1 requested by the state.

"It is not every assault with intent to kill that is an assault with intent to commit murder. There must be

malice in the attempt to take human life to constitute this statutory felony. But, when the assault is made with a deadly weapon in sufficient proximity to inflict a deadly wound, the law implies malice from the use of such instrument, and casts on the defendant the burden of proving that the killing or attempt to kill was in self-defense, or, if successful, would only be manslaughter unless such defensive facts and circumstances are shown in the testimony which proves the killing, or attempt to kill."—*Williams v. State*, 77 Ala. 53; *Brown v. State*, 142 Ala. 287, 38 South. 268; *Hadley v. State*, 55 Ala. 31; *Sylvester v. State*, 72 Ala. 201. And This rule prevails in cases of like kind, as well as cases of murder. It is true the burden of proving the intent is on the state; but, when the state shows a certain kind of assault, as above indicated, it proves, prima facie, its case, unless the other evidence overcomes its prima facie proof; and the law only implies malice after the state proves its prima facie case and in the absence of proof of defensive facts and cirucmstances. There was no error in that part of the oral charge excepted to by the defendant.

Charge A, refused to the defendant, was fully covered by charge 3, given at his request.

While it was immaterial whether the pistol was concealed or not, the trial court committed no reversible error in permitting the witness Sullivan to testify that defendant had on a coat and that he could not see the pistol before he reached back and pulled it, as it was a part of the *res gestae*. The record discloses no exception by the defendant to the action of the court in permitting the witness to testify that the pistol was concealed.

While the conversation between Blalock and the young lady prior to the difficulty may not have been material or relevant evidence, yet it was proven by the state, and the defendant had the right to bring it all out or get his version of it.—*Gibson v. State*, 91 Ala. 69, 9 South. 171; *Dobson v. State*, 86 Ala. 63, 5 South. 485.

There was no error in sustaining the state's objection to the introduction of the city ordinances upon the present state of the record.

[Williams v. The State.]

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, SIMPSON, and DENSON, JJ., concur.

HARALSON and DOWDELL, JJ., dissent as to charge 1, given at the request of the state, and think it was properly given.