[No. 1255, July 1, 1909.]

TERRITORY OF NEW MEXICO, Appellee, v. MALA-
QUIAS CORTEZ, Appellant.

SYLLABUS (BY THE COURT.)

1. An indictment charging the unlawful killing of cattle, under Sec. 79, C. L. 1897, which omits to allege that such killing was "knowingly" done, is fatally defective.

2. A defect in the indictment which is one of substance and not of form, merely, is not aided or cured by verdict.

Appeal from District Court for Taos County, before JOHN R. McFIE, Associate Justice. Reversed and remanded.

A. B. RENEHAN for Appellant.

The admission of irrelevant testimony, such as that in question, is error where its effect, direct or incidental, is to injure the objecting party, as by exciting a feeling of sympathy for the adverse party or a feeling of hostility to himself, or to mislead the jury as to the issues. or to confuse them in their deliberations or to injure the objector in any other way patent to the eye of the reviewing court. 11 Ency. Ev. 210, 211; 6 Enc. Ev. 443, 450; Hopt v. Utah, 110 U. S. 579-580; Mima Queen v. Hepburn, 7 Cranch. 290, 295; Ellicott v. Pearl, 10 Pet. 434; Lund v. Inhabitants, 9 Cush. 36; Young v. Godbe, 15 Wall. 565.

J. M. HERVEY, Attorney General, for Appellee.

Even if it is found, that testimony was incompetent and erroneously admitted, it is not reversible error when it very clearly appears from the state of the record that the testimony complained of had no effect one way or another upon the deliberations of the jury.

A party will not be heard to complain of testimony

which he himself elicits.   Davis v. State, 51 Neb. 334;
Com. v. Carbin, 143 Mass. 124, 8 N. E. 896; Kelly v.
State, 1 Tex. App. 628; Speights v. State, 1 Tex. App.
551; Cotton et al v. State, 87 Ala. 75, 6 So. 396.

## OPINION OF THE COURT.

MANN, J.—The defendant was convicted at the
May, 1908, term of the District Court of Taos County,
on an indictment charging: "That Malaquias Cortez and
Gregorio Garcia, late of the County of Taos, Territory of
New Mexico, on the 23rd day of June, in the year of our
Lord one thousand nine hundred and four, at the County
of Taos, aforesaid, did unlawfully and feloniously kill
one yearling steer of the property of C. L. Craig, the
said steer being black in color and without brand, of the
value of fifteen dollars; contrary to the form of the statute
in such case made and provided and against the peace and
dignity of the Territory of New Mexico."

This indictment was undoubtedly attempted to be
drawn under Sec. 79 of the Compiled Laws of 1897, which
provides that, "any person who shall steal, embezzle or
knowingly kill, sell, drive, lead or ride away, or in any
manner deprive the owner of the immediate possession of
any neat cattle, etc., shall be deemed guilty of a felony,"
etc.

It will be observed that the indictment does not use
the terms, steal or embezzle, but that the charge is con-
fined to unlawfully and feloniously killing the animal in
question.   This section of the statute, (Sec. 79 C. L. 1897)
was held in Wilburn v. The Territory, 10 N. M. 402, 62
Pac. 968, to be a statutory crime of a special nature and
for the purpose of reaching a specific class of offences
not contemplated in the general laws relating to larceny.
It enumerates three distinct crimes, viz: 1st, Stealing of
animals; 2nd, Embezzlement of animals, and 3rd, Know-
ingly killing or otherwise depriving the owners of ani-
mals of their immediate possession.

It is significant that the word, knowingly, does not
precede either of the first two crimes named in the statute,
doubtless because stealing and embezzling were both crimes

Territory v. Cortez.

at common law, and the elements entering into such crimes were well known and defined by other statutes, but the third crime created by this section is a purely statutory one and the use of the word "knowingly" immediately preceding it, makes knowledge an element of the crime, and an indictment failing to allege it in the words of the statute or words of similar import, fails to state the offence. Bishop on Statutory Crimes (2 ed.) sec. 733; 22 Cyc. 328; U. S. v. Carll, 105 U. S. 611, 26 L. ed. 1135; U. S. v. Watkinds, 6 Fed. 142, 7 Sawy. 85; Tynes v. State, 17 Tex. App. 123; 1 Bishop Crim. Pro. sec. 612; Davis v. State, 68 Ala. 58, 44 Am. Rep. 128.

The language of the Supreme Court of Alabama in the last named case, with reference to the point under discussion, seems equally applicable to the case at bar. It is as follows:

"We are of the opinion however, that the indictment is defective in another respect. It fails to charge that the defendant knowingly committed the act for which he is criminally indicted. The statute is highly penal in its character, and creates a new crime unknown to the common law. Sec. 5, Laws 1878 and 79, p. 226, makes knowledge of the facts essential to the crime, deeming him alone guilty 'who knowingly violates any of the provisions' of the act. The general rule of pleading is that every indictment, information or other criminal proceeding ought to contain all that is material to constitute the crime, or every necessary ingredient of the offense, stated with precision, or at least certainty, and in the customary forms of law. 3 Grennel Ev., sec. 10; Beasley v. State, 18 Ala. 535."

It is stated in brief of counsel for appellant that the question of the sufficiency of the indictment was raised by a demurrer thereto, *ore tenus,* and the overruling of such demurrer is set up as error in the motion for new trial, but the record fails to show that the question was thus raised and passed upon by the learned trial court. However, the defect is one of substance and not of form, and therefore is not aided or cured by the verdict.

U. S. v. Hess, 124 U. S. 483; U. S. v. Carll, 105 U. S. 611; Rex v. Perrott, 2 M. & S. 379, Eng. Rul. Cases 116.

Briefs of counsel in this case discuss matters relative to the introduction of evidence, which, under the view we take of this case, it is unnecessary to decide. The judgment of the lower court is reversed and the cause remanded for further proceedings, in accordance with the views herein expressed.

### SYLLABUS (BY THE COURT).

