(86 South. 160)

MORELL et al. v. STATE. (8 Div. 702.)

(Court of Appeals of Alabama. June 29, 1920.)

HOMICIDE ⊙⟹310(1)—CHARGE AS TO ASSAULT TO MURDER HELD ERRONEOUS.

In a prosecution for assault with intent to murder, it was error to charge that, "If you believe from the evidence beyond a reasonable doubt that the assault in this case, if one was committed, was in a sudden rencounter or affray, and caused by defendants by the use of deadly weapons which were concealed before the commencement of the fight, their adversary having no deadly weapon drawn, then the defendants would be guilty of an assault with intent to murder," Code 1907, § 7086, being only applicable to homicide cases.

Appeal from Circuit Court, Limestone County; R. C. Brickell, Judge.

Jake and Ed Morell were convicted of assault with intent to murder, and they appeal. Reversed and remanded.

W. R. Walker, of Athens, for appellants.

The charge given for the state was error to reversal. 60 Ala. 441; 85 Ala. 11, 4 South. 730; 90 Ala. 618, 8 South. 680; 94 Ala. 19, 10 South. 606; 105 Ala. 72, 72 South. 119; 98 Ala. 23, 13 South. 329; 102 Ala. 156, 15 South. 438; 147 Ala. 5, 41 South. 519.

J. Q. Smith, Atty. Gen., for the State. No brief reached the Reporter.

SAMFORD, J. The propositions of law presented for review, and necessary on this appeal to deal with, may be illustrated by the following written charge, given at the request of the state:

"I charge that if you believe from the evidence beyond a reasonable doubt that the assault in this case, if one was committed, was in a sudden rencounter or affray, and caused by the defendants by the use of deadly weapons, which were concealed before the commencement of the fight, Badge Whitt, their adversary, having no deadly weapon drawn, then the defendants would be guilty of an assault with intent to murder."

The court in its rulings and in its oral charge followed the principle embodied in the charge above quoted. This charge was held to be good in Scoggins v. State, 120 Ala. 369, 25 South. 180. The court in that case assumed that such ruling was but carrying into effect section 7086 of the Code of 1907, when, as a matter of fact, the statute is only applicable to homicide cases. This was later recognized by the Supreme Court and the holding in the Scoggins Case on this point was expressly overruled. Ray v. State, 147 Ala. 5, 41 South. 519. We see no good reason for passing upon the other exceptions

---

raised by the record, but for the error pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.