141 So.2d 205

Edward Bruce LAWHON, Frank Yarbrough
and Jerry Yarbrough.

v.

STATE.

4 Div. 455.

Court of Appeals of Alabama.

March 13, 1962.

Rehearing Denied May 8, 1962.

Boswell & Smith, Geneva, for appellants.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

A jury convicted the appellants of assaulting James Lee Vaughan with intent to murder him, and the judge sentenced each of them to five years imprisonment.

Their brief states the facts concisely thus:

"* * * appellants and James Lee Vaughan, the injured party, along with Rex Royals entered into a free-for-all fight; * * * James Lee Vaughan and Rex Royals were on one side, * * * appellants were on the other. * * * Rex Royals ran and left the scene and left Vaughan as the only one to defend himself in a fight where the three appellants and perhaps others were engaged and that James Lee Vaughan came out as the most severely injured in the melee. The evidence is conclusive that James Lee Vaughan, the injured party, and all three of the appellants were involved in an affray and perhaps all were guilty of an assault and battery but it is insisted that the evidence is wholly insufficient to show that appellants had *an intent to murder* at the time of the assault. * * *" (Italics added.)

We are posed the query:

"If appellants had intended to kill James Lee Vaughan * * * nothing

intervened to have prevented them from accomplishing such intent and therefore the evidence is insufficient to support the verdict."

The melee seems to have started over a dispute about Vaughan and Rex Royals having disturbed a whiskey still of the appellants.

Catching Vaughan and Royals sitting in a parked car, Frank Yarbrough flogged Royals with a water hose. As Royals ran Lawhon shot at him. The attackers then turned on Vaughan, with Lawhon taking the lead in pulling him from the car.

Royal's mother saw the hose and heard loud licks. She also heard the others tell Lawhon to quit so that they might try to get Vaughan to talk. Both Lawhon and Frank Yarbrough shot firearms.

Upon coming to after his beating, Vaughan managed to drive home whence he was taken to the hospital.

Vaughan was described by his physician as having his eyes swollen shut, as bleeding from mouth and nose and as being unconscious when seen at the hospital shortly after being beaten up. The examination of an X-ray film showed a fracture of the temple and parietal bone from the left.

The felony of which appellants were found guilty is provided for under Code 1940, T. 14, § 38, in pertinent part:

"Any person who commits an assault on another, with intent to murder, * * shall, on conviction, be punished by imprisonment in the penitentiary for not less than two nor more than twenty years."

■ The elements of the offense are (1) an assault and (2) an intent to murder. These constituents are to be understood as they were defined at common law. Beasley v. State, 18 Ala. 535.

As Brickell, C. J., observed in Simpson v. State, 59 Ala. 1, our lawmakers have made the common law indictable misdemeanor of assault punishable as a felony if its commission is attended by an intent to murder, or maim, or ravish, or rob or bugger, etc.

The intent to do murder by each and every mode now denounced by statute is not assimilated into the intent to murder denounced in this offense. Simpson v. State, supra. And in Wright v. State, 148 Ala. 596, 42 So. 745, Anderson, C. J., considering a charge on malice implied by law, held as error the lack of mentioning the need of finding the defendant's intending "to take life."

■ The proof of the mens rea must show (1) intent to kill the named victim and (2) malice. Williams v. State, 77 Ala. 53; Ray v. State, 147 Ala. 5, 41 So. 519.

A rubber hose, unlike a feather, is not classified, as a matter of law, as not being a deadly or dangerous weapon. We think the jury were entitled to pass upon (a) whether or not the hose was the weapon and (b) if so whether, in fact, it was so used by the defendants on Vaughan as to show its capability for causing him great bodily harm as so used. Williams v. State, 251 Ala. 397, 39 So.2d 37.

Perhaps this admits of circularity of reasoning from effect to cause as readily as vice versa. That is the genius of the jury as part of the trial court—bringing an element of common sense into a realm where legal logic can do no more than dispense a maxim. What was the state of mind of the defendants was for the jury to determine. The trial judge correctly refused the affirmative charge.

Affirmed.