William C. **HOLMAN**, Warden, Kilby Prison, Montgomery, Alabama, Appellant,

v.

Edward **LAWHON**, Appellee.

No. 23047.

United States Court of Appeals
Fifth Circuit.

May 23, 1966.

Paul T. Gish, Asst. Atty. Gen., Montgomery Ala., for appellant.

1

Edward J. Azar, Montgomery, Ala., for appellee.

Before GEWIN and BELL, Circuit Judges, and HUGHES, District Judge.

GEWIN, Circuit Judge:

This is an appeal from an order of the United States District Court for the Middle District of Alabama discharging petitioner (appellee) from the custody of the State of Alabama on habeas corpus. In his habeas petition, appellee alleged that he was unlawfully imprisoned by the State of Alabama because his constitutional right to have compulsory process of witnesses in his favor and also the right to be afforded due process were violated by the Circuit Court of Geneva County, Alabama, during his trial on a charge of assault with intent to murder.

The allegation of constitutional violation is based upon the following facts. At his trial in the state circuit court, appellee's attorney called one Euell Yarbrough as a witness for the defense. On *voir dire* the following transpired:

> "*Mr. A. A. Smith:* If the Court please, as the defense if offering Mr. Euell Yarbrough as a witness, I would like to ask him one question as to his qualifications before he testifies.

> "*The Court:* All right, sir.

> "*Mr. A. A. Smith:* Mr. Yarbrough, have you been convicted in the U. S. District Court for the Middle District of Alabama, for the offense of perjury?

> "*Witness:* I have.

> "*Mr. E. C. Boswell:* We object to the question, if the Court please?

> "*The Court:* I overrule.

> "*Mr. A. A. Smith:* We object to any testimony that might be given by this witness on the ground that he is disqualified under the laws of the State of Alabama.

> "*The Court:* I sustain your objection."

The record reveals that after Yarbrough had testified that he had been convicted of perjury in the federal court, appellee's lawyer, who also represented Yarbrough in the case wherein the perjury question arose, stated that the witness had not been so convicted. Thereupon, Yarbrough stated that he was not exactly sure of what offense he had been convicted. As a matter of fact, as shown by the footnote appearing on pages 2 and 3 of the District Court's opinion, the records of that Court reflect that in September, 1945, in criminal case #9790, Yarbrough entered a plea of guilty to an indictment charging him with violating Title 18 U.S.C., § 1621, and was adjudged guilty of the offense of perjury. The District Court took judicial notice of this fact in its opinion in the case at bar.

Appellee's conviction by a jury in the state circuit court was affirmed by the Court of Appeals of Alabama in Lawhon, et al. v. State, (1962) 41 Ala.App. 577, 141 So.2d 205. At a pretrial hearing it was determined that appellee had either exhausted or validly attempted to exhaust his state remedies in compliance with 28 U.S.C. § 2254, and further, that the case would be submitted upon appellant's responsive pleadings and the several attached exhibits. One of the exhibits is an excerpted transcript from the state court trial, partially quoted above herein, which sufficiently sets forth what transpired with respect to the witness Yarbrough. There is no factual dispute as to what transpired in the state court.

In appellee's state court trial the objection of the prosecutor was based on Title 7, § 434, Code of Alabama, 1940 (Recompiled 1958), which reads as follows:

> "*Competency of witness as affected by conviction for crime.*—No objection must be allowed to the competency of a witness because of his conviction for any crime, except perjury or subornation of perjury; but if he has been convicted of a crime involving

moral turpitude, the objection goes to his credibility."

It is clear to us that the statute is an enabling one in that it expressly renders competent certain witnesses who were incompetent under the common law, but it expressly excepts from its operation persons convicted of perjury or subornation of perjury.

The common law rule as to the competency of witnesses who had been convicted of certain crimes is clearly stated in Vol. 58, American Jurisprudence (1948), § 137, p. 102 as follows:

"§ 137. *Rule at Common Law.*—At common law a person who has been convicted of an infamous crime and sentenced therefor is disqualified as a witness, unless relieved from the infamy in some approved way."

Respectable authorities are in agreement as to the common law rule. See Wharton's Criminal Evidence, Vol. 3 (1955), § 752, P. 78; Wigmore on Evidence (1940), Vol. 2, § 519, p. 608.

▇ Prior to 1883, Alabama followed the common law rule with respect to the competency of witnesses. Generally speaking, such common law rule applied to all persons convicted of that class of crimes broadly designated as "crimen falsi." Moore v. State (1915) 12 Ala. App. 243, 67 So. 789. In 1883 the Alabama Legislature enacted a statute substantially identical with the provisions now embodied in Title 7, § 434.

The District Court held invalid the judgment of the Circuit Court of Geneva County, Alabama, because the appellee was denied the right to have compulsory process as guaranteed under the 6th and 14th amendments and his right to be afforded due process as guaranteed under the 5th amendment by reason of the state court's refusal to permit the tendered witness Yarbrough to testify. It was directed that the appellee be discharged from state custody. This Court subsequently ordered appellee's release after the District Court entered a stay of execution pending appeal. The District Court expressed its conclusions substantially as follows:

"This means to say that the complete exclusion, by complete disqualification of the witness, of testimony tendered by a defendant in a criminal case under the Code of Alabama, 1940, Title 7, § 434, on the basis of a prior conviction for perjury is a violation of a defendant's constitutional right."

The District Court observed that state rules with respect to the competency of witnesses were the rules in force at the time of the creation of federal courts within the state, Rendalman v. United States, 18 F.2d 27 (9 Cir. 1927), or the rule in force in the particular state where the defendant was tried at the time of the admission of such state into the Union, Coulston v. United States, 51 F.2d 178 (10 Cir. 1931). The court then proceeds to recognize "a definite trend" to change the rules as to the competency of witnesses in criminal trials in federal courts. It may even be asserted that in most jurisdictions conviction of felonies and infamous crimes is no longer considered a disqualification, but such fact goes to the credibility of the testimony of such a witness. It is our conclusion, however, that Alabama continues to follow the common law even though it may be the minority rule.

Although now changed by statutes and rules, the Federal Courts also followed the common law in the trial of criminal cases for a number of years. This rule is made clear by the following statement of Mr. Justice Stone in Wolfle v. United States (1934) 291 U.S. 7, 54 S.Ct. 279, 78 L.Ed. 617:

"During the present term this Court has resolved conflicting views expressed in its earlier opinions by holding that the rules governing the competence of witnesses in criminal trials in the federal courts are not necessarily restricted to those local rules in force at the time of the admission into the Union of the particular state where the trial takes place, *but are governed by common-law principles as inter-*

*preted and applied by the federal courts in the light of reason and experience.* (citations) If any different rule with respect to the admissibility of testimony has been thought to apply in the federal courts, (citations) it is clear that it should be the same as that governing the competence of witnesses. So our decision here, in the absence of congressional legislation on the subject, *is to be controlled by common-law principles,* not by local statute." (Emphasis added)

█ The question under review in the instant case is the action of the state court. Rules applicable to the trial of criminal cases in federal courts do not apply. Under present federal rules, witness Yarbrough would be qualified. His perjury conviction would be admissible on the issue of his credibility. In reviewing the action of a state court on a habeas corpus petition, the proceeding in the federal court is a civil one. Perjury convictions in federal courts disqualify witnesses in the state courts of Alabama just the same as though the witness had been convicted of perjury in the state court. Fidelity-Phenix Fire Insurance of New York v. Murphy, 231 Ala. 680, 166 So. 604 (1936), cert. den. 299 U.S. 557, 57 S.Ct. 19, 81 L.Ed. 410.

█ In the instant case no showing was made as to the facts to be proven by witness Yarbrough or the testimony he would be expected to give. The record clearly demonstrates that the petitioner was jointly indicted in the state court with five other defendants. The record likewise reveals the fact that all of them were jointly tried and remained in open court continuously throughout the state court trial. Four of the defendants bore the name "Yarbrough." Of the six defendants tried and convicted in the state court (including Lawhon) only three of them appealed, one of the appellants being Lawhon. By reference to the report of the decision of the Alabama Court of Appeals in Lawhon v. State, 41 Ala.App. 577, 141 So.2d 205, it appears that there were other witnesses in addition to the defendants named in the indictment, although such other witnesses may have been adverse to Lawhon. There is no indication in the record that the testimony of Yarbrough was vital or important or that it was not cumulative. In fact, the record simply fails to reveal what was intended to be proved by him. It would have been an easy matter to establish for the record the nature and possible value of such proof. In the circumstances, we are unable to infer injury or prejudice to the appellee. In Romeo, et al. v. United States (9 Cir. 1928) 24 F.2d 527 (a criminal case) the court was dealing only with the question of a showing as to the proffered testimony and concluded as follows:

"In a petition for rehearing the defendants cite authorities to the proposition that, where objection is made to the competency of a witness to testify, the party offering the witness is not required to state what he expects to prove by the witness. We find that the weight both of authority and reason is to the contrary (3 C.J. 829; Kischman v. Scott, 166 Mo. 214, 65 S.W. 1031; Hutchings v. Cobble, 30 Okl. 158, 120 P. 1013; Evans v. Smith, 50 Okl. 285, 150 P. 1096; Corcoran v. Poncini, 35 Ill.App. 130), and that in the federal courts the question is conclusively answered by the decision in Herencia v. Guzman, 219 U.S. 44, 31 S.Ct. 135, 55 L.Ed. 81, followed in Wustum v. Kradwell (C.C.A.) 270 F. 546" [1]

---

1. In *Herencia,* a civil case, Mr. Justice Hughes stated the rule to be:
   "It is further insisted that the court erred in refusing to allow one Dr. Gonzalez to testify. As to this, the record merely sets forth that counsel 'offered to present the testimony of one Dr. Gonzalez, as an expert, which testimony is not allowed by the court, and to which ruling of the court counsel for defendant thereupon noted an exception.' Manifestly, the judgment cannot be set aside because of this ruling, for it does not appear what testimony of the witness was expected to give, or that he was qualified to give any."

The *Romeo* decision was cited with approval by our Court in Price v. United States (5 Cir. 1934) 68 F.2d 133. See also New York Life Ins. Co. v. Doerksen (10 Cir. 1935) 75 F.2d 96; Clauson v. United States (8 Cir. 1932) 60 F.2d 694; Hass v. United States (9 Cir. 1929) 31 F.2d 13. In view of the fact that the record fails to show any injury or prejudice to the appellee, we disagree with the conclusion reached by the trial court and reverse. In our view it was inappropriate and unnecessary for the District Court to decide the case on federal constitutional grounds. For the reasons assigned we do not reach the constitutional question.

■ The appellee further contends and the District Court held that he was prejudiced because the burden was placed upon him to show that Yarbrough was qualified as a witness while the rule requires the objecting party to assume the burden of proving disqualification. The record convinces us that the question of whether Yarbrough had been convicted of perjury was a factual determination which the state trial judge was required to make. At first, Yarbrough clearly stated he had been convicted of perjury. Under prompting by his counsel, who asserted he had not been so convicted, Yarbrough then asserted he was not sure of the nature of his conviction. There was sufficient evidence from which the trial court could validly infer he had been convicted of perjury. Such inference or determination was the correct one as found by the District Court.

For the foregoing reasons it is our conclusion that the judgment of the District Court must be reversed and the cause remanded to the District Court for such proceedings as may appear to be appropriate, not inconsistent with this opinion.

Reversed and remanded.