Michael Bullock, the appellant, was convicted of the murder of Jimmy Lane Parker and was sentenced to life imprisonment. He was also convicted of the attempted murder of a Crenshaw County Deputy Sheriff and two Department of Corrections search party dog handlers and was sentenced to 40 years' imprisonment. He raises three issues on this appeal from those convictions.
 I.
The evidence is sufficient to support the conviction for attempted murder. The issue of whether the fleeing appellant fired the shotgun at his pursuers (a deputy sheriff and two search party dog handlers) with the intent to scare them or with the intent to commit murder was a question for the jury. Although the shotgun pellets went over their heads, the deputy testified that "if we hadn't been on the ground well, we would have been shot." The intent to murder "may be inferred by the jury from the character of the assault, the use of a deadly weapon, and the other attendant circumstances." Ray v. State,147 Ala. 5, 8, 41 So. 519, 520 (1906). "When the State shows an assault by defendant with a deadly weapon in sufficient proximity to inflict a deadly wound, a prima facie case [of assault with intent to murder] is made out, unless the evidence which proves the attempt to kill overcomes its prima facie proof." Stewart v. State, 38 Ala. App. 497, 500, 88 So.2d 580,583 (1956). See also Ray, 147 Ala. at 9, 41 So. at 520.
 II.
Here, there was expert testimony that the appellant "was suffering from a substantial mental illness from the time of that incident and that [this] mental illness substantially impaired his ability to appreciate the wrongfulness of what he had done." The principles collected in Ellis v. *Page 285 State, 570 So.2d 744, 749-57 (Ala.Cr.App. 1990), are applicable in this case. " '[A] fact finder need not adhere to an expert opinion on [insanity] if there is reason to discount it.' "Ellis, 570 So.2d at 752. If the jury believed the testimony of the state's rebuttal expert, they had an "objective reason" to discount the testimony of the expert for the defense. We do not view the evidence of insanity as clear and convincing, even though that evidence was substantial. Ellis, 570 So.2d at 754-55. Here, the appellant's evidence of insanity was contradicted. It is a fundamental principle of appellate review that this Court cannot weigh the credibility of witnesses.E.g., Hope v. State, 521 So.2d 1383, 1387 (Ala.Cr.App. 1988);Wood v. State, 416 So.2d 794, 798 (Ala.Cr.App. 1982).
 III.
The appellant filed motions in limine and requested jury instructions in an attempt to require that his trial be governed by the legal definition of insanity as it existed in Alabama before the 1988 amendment of Ala. Code 1975, § 13A-3-1. The denial of those motions in limine preserved nothing for review because there was no objection at trial.
 "A party who suffers an adverse ruling on a motion in limine can preserve the ruling for postjudgment and appellate review only by objecting to the introduction of the proffered evidence and assigning specific grounds at the time of trial, unless he or she obtains the express acquiescence of the trial judge that a subsequent objection and assignment of grounds are not necessary."
Parks v. State, [Ms. 1900462, April 11, 1991] ___ So.2d ___ (Ala. 1991) (emphasis in original).
The appellant submitted a number of requested written charges, which were based on the law of insanity as it existed prior to the 1988 amendment of § 13A-3-1. The trial court refused those instructions. The crimes charged were committed in 1989. "Absent a clear expression in the Statute to the contrary, we think the law applicable at the time of the offense was intended to govern the offense, the offender, and all proceedings incident thereto; and we so hold." Bracewell v.State, 401 So.2d 123, 124 (Ala. 1979). Furthermore, the appellant's objection to the refusal of his requested charges, "Your Honor, we object to not giving the requested charges requested by the defendant," did not state any ground of objection and preserved nothing for review. Rule 14, A.R.Crim.P.Temp. (now Rule 21.2, A.R.Crim.P.).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.