O'NEILL v. THE KEOKUK & DES MOINES R. CO.

1. **Evidence:** WAIVER: RAILROADS. Evidence showing that the employes of a railroad company were accustomed to act in violation of a rule of the company is not admissible to establish a waiver of the rule, unless it be shown that a knowledge of the custom was known to the officer charged with the enforcement of the rule.

2. **Railroads:** CONTRIBUTORY NEGLIGENCE. The employe of a railway company who voluntarily leaves his post and is injured while upon another part of the train where the exposure is greater, is guilty of negligence contributing to the injury, and cannot recover therefor.

3. **New Trial:** MISCONDUCT OF JUROR: INTOXICATING LIQUORS. Where a juror, pending the trial, took a small quantity of intoxicating liquors for medicinal purposes at night, it was *held* that this did not constitute a ground for the granting of a new trial.

*Appeal from Lee District Court.*

FRIDAY, APRIL 6.

ACTION to recover for personal injuries. The plaintiff's intestate, Maurice O'Neill, was employed as a brakeman on the defendant's train. On the night of October 21, 1874, as the train was passing Comstock Station, without intending to stop, it ran off the track through an open switch and was wrecked. The said Maurice O'Neill had been assigned to the

duty of handling the brakes at the front end of the train. At the time of the accident, however, he had left his brakes and was riding on the locomotive. He received injuries by being burned and scalded, and from his injuries he died.

The defendant denies all negligence upon its part, and avers that plaintiff's intestate was negligent, and thereby contributed to his injury. Judgment for defendant. Plaintiff appeals.

*Miller & Sons*, for appellant.

*Gillmore & Anderson* and *John Fyffe*, for appellee.

ADAMS, J.—I. The defendant introduced in evidence a rule of the company, a copy of which every conductor and brake-

1. EVIDENCE: waiver: railroads.

man was accustomed to carry, which is in these words: "Rule 37. Conductors and brakemen of all trains meeting or passing, or when approaching or passing a station, must be out and prepared to do anything required for safety or expedition." The plaintiff, to destroy the force of the evidence, offered as witnesses the engineer of the train and other persons who had been in the employ of the defendant, to prove that it was and had always been the usage and custom of brakemen on the defendant's road to be on the locomotive or in the engineer's cab, as they pleased, when approaching and passing Comstock Station, unless the train stopped there or there was a whistle to call them to the brakes.

The defendant objected to the same as being in conflict with the rule of the defendant introduced, and the court sustained the objection and refused to allow such evidence to be given unless knowledge of the custom should be brought home to the defendant's superintendent. To this ruling the plaintiff excepted, and she now assigns the same as error. The object of the offered evidence was, of course, to show that the rule in question had been waived by the defendant to such extent that it was not a violation of duty on the part of said Maurice O'Neill to leave his brakes under the circumstances of the case and be riding on the locomotive at that time. Without considering whether the rule could be regarded as waived by any less formal or authoritative action than that by which it

was adopted, it seems clear that it could not be so regarded by reason simply of a custom, on the part of those for whom it was made, to violate it. Acquiescence by the company in the custom of violating the rule should be shown, and this would involve the necessity of showing at least knowledge on the part of the officer or agent charged with the enforcement of the rule that it was customarily violated.

II. At the request of the defendant the court gave an instruction which is in these words:

"No. 3. If Maurice O'Neill was injured while on the engine and in consequence of being on the engine, and if he was there voluntarily and in disobedience to the rules of the company requiring him to be at another place, then the court informs you that the servant may not, for his own convenience or comfort, abandon his post except at his own risk; and if said O'Neill voluntarily exposed himself the plaintiff cannot recover in this action, and you must find for the defendant, and you must so find even if you should believe that the accident was caused by negligence of the company or its agents."

2. RAILROADS: contributory negligence.

The plaintiff excepted to the giving of this instruction, and makes an assignment of error in the following words: "The court erred in instructing the jury that if Maurice O'Neill left the brakes and went to the engine and was killed thereby, plaintiff could not recover." The specific instruction objected to is not pointed out. The assignment of error, therefore, is not as specific as it should be, but we will assume that the plaintiff had reference to the instruction above quoted. The first objection urged in the argument upon this point by plaintiff is that the evidence shows that the locomotive was within a few feet of the opening when it was discovered, and that it was too late to do anything to avoid the accident. If the evidence so shows plaintiff's counsel have unfortunately omitted it from the record. But if such were the evidence we do not think that the instruction would for that reason be wrong. The instruction submitted to the jury the question as to whether O'Neill exposed himself by going upon the engine — that is, whether he increased his peril, and whether

he was injured in consequence of being there. The evidence shows that he was injured by being burned and scalded. Had he been at his post he would probably have escaped that kind of injury, and might have escaped without injury of any kind.

It is further objected that the court assumed that not being at the brakes was contributory negligence. We do not think that the court could properly have been so understood.

III. The plaintiff moved for a new trial on the ground of newly discovered evidence, and the motion was overruled. The overruling of the motion is assigned as error. In support of such motion plaintiff filed the affidavit of one Breitenstein, who says that he was conductor upon the train. He further says that O'Neill was head brakeman; that his position was on the forepart of the train; that he might ride on the engine, and that he was at his post at the time of the accident.

What he regarded as his post does not fully appear, but it is to be observed that he does not say that O'Neill was at the brakes, and it is to be inferred that he considered him at his post when riding on the engine. He does not state by what authority he was there, or in the discharge of what duty he was there, and his mere opinion as to his right to be there would, we think, not be admissible. Besides, we are of the opinion that no proper diligence was shown to discover the evidence. If there was any question as to where O'Neill was, the circumstances of the accident pointed directly to the conductor as well as to the others in charge of the train as proper witnesses in regard to such fact.

IV. The plaintiff also moved for a new trial on the ground of misconduct of one of the jurymen. The motion was over-

3. NEW trial: misconduct of juror: intoxicating liquors. ruled and the plaintiff assigns the overruling as error. The affidavits, filed in support and resistance of the motion respectively, show, when taken together, that one of the jurors at night, after the adjournment of court for that day, being affected with diarrhœa, took a dose of Jamaica ginger mixed with about two tablespoonfuls of spirits, and that he took about the same quantity the next night for the same purpose, and that the next morning they were sent out to consider the case. They also further

show that he was never at any time under the influence of liquor. It is clear that there was no such misconduct as to afford a reasonable ground for supposing that the plaintiff was prejudiced, and the motion was properly overruled.

Some other errors are assigned, but they are not discussed by appellant's counsel, and must be considered as waived. We discover no error in the rulings of the District Court, and the judgment must be

AFFIRMED.