## KIRKLAND v. STATE. (8 Div. 292.)

(Court of Appeals of Alabama. April 13, 1926.)

1. **Criminal law ☞363—In prosecution for assault to murder, testimony of expert that blow cracking skull might have affected sight of assaulted party held properly admitted as relating to res gestæ.**

In prosecution for assault to murder, testimony of doctor, who qualified as expert that blow which cracked skull of party assaulted might have affected his sight as it was developed day after, *held* properly admitted as part of res gestæ.

2. **Criminal law ☞472—Conclusions of experts, drawn from knowledge of facts depending upon professional or scientific knowledge or skill, may be best evidence.**

Where inquiry relates to conclusion to be drawn from knowledge of facts depending upon

professional or scientific knowledge or skill, expert's testimony as to conclusions may be the best evidence.

**3. Homicide ☞169(1).**

In prosecution for assault to murder, evidence that assaulted party had fallen and cut his head at time prior to difficulty *held* immaterial and properly excluded.

**4. Criminal law ☞366(2)—Evidence of telephone conversation, by which accused attempted to show assaulted party insisted on his coming to latter's home, held properly excluded as not being part of res gestæ nor shedding light on difficulty.**

In prosecution for assault to murder, testimony of telephone conversation by which accused attempted to show that assaulted party insisted on his coming down to his house, *held* properly excluded, as not being part of res gestæ nor shedding light on difficulty.

**5. Criminal law ☞396(2).**

Where state brings out part of conversation on cross-examination of accused, latter is entitled to show entire conversation on redirect.

**6. Witnesses ☞406—Where assaulted party testified to being unconscious until next day, testimony of accused that shortly after difficulty former called him on telephone held admissible in contradiction, though details of conversation were inadmissible.**

Where assaulted party testified that he was unconscious until next day, testimony of accused that shortly after difficulty assaulted party called him on telephone, *held* admissible in contradiction of testimony of assaulted party, though details of conversation were inadmissible.

**7. Criminal law ☞554—Jury may weigh testimony of accused, and, if they disbelieve it, may disregard it, just as they might that of any other witness.**

Accused has right to testify in his own behalf, and jury cannot disregard such testimony any more than that of any other witness, although in weighing it they may consider fact that he is defendant and interested in result of case, so that, if they do not believe his testimony, they may disregard it.

**8. Criminal law ☞789(16).**

Charges as to what constitutes reasonable doubt, where there is no possibility of innocence under evidence, and relating to moral certainty of guilt, *held* incorrect and properly refused.

**9. Homicide ☞300(13)—Charge to acquit if assaulted party provoked difficulty, and accused struck only after being struck, and with such force as reasonably necessary, held properly refused, because omitting to require freedom from fault.**

In prosecution for assault to murder, charge that, if assaulted party provoked difficulty, and accused only struck after he had been struck, and with such force as was reasonably necessary, jury should acquit, *held* properly refused, because omitting to require freedom from fault.

**10. Homicide ☞146.**

In prosecution for assault to murder, malice may be inferred from character of assault.

**11. Homicide ☞146.**

In prosecution for assault to murder, charge that, if no deadly weapon was used, malice could not be presumed, *held* properly refused.

**12. Homicide ☞90.**

Charge that, if accused used only his fists in difficulty, he could not be convicted of assault with intent to murder, *held* properly refused.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

G. Emory Kirkland was convicted of assault with intent to murder, and he appeals. Reversed and remanded.

These charges were refused to defendant:

"(14) The court charges the jury that a reasonable doubt of the defendant's guilt may exist in your minds, although there is no possibility of his innocence from the testimony, and, if the jury has not an abiding conviction to a moral certainty of the defendant's guilt, then he should be acquitted.

"(15) I charge you, gentleman of the jury, that, if you are not satisfied beyond a reasonable doubt and to a moral certainty and to the exclusion of every other reasonable hypothesis but that of the defendant's guilt, you should acquit him. And it is not necessary to raise a reasonable doubt that you should find from the evidence the possibility of the defendant's innocence, but such a doubt may arise even when there is no possibility of his innocence in the testimony; and, if you have not an abiding conviction to a moral certainty of his guilt, then you should acquit him."

"Charge B. I charge you, gentlemen of the jury, that, if you believe Wash Irvine provoked the difficulty, and that the defendant only struck him after he had been struck and only used such force as was reasonably necessary to prevent Wash Irvine from further assaulting him, then you must acquit the defendant.

"Charge C. I charge you, gentlemen of the jury, that, if you are satisfied from the evidence that no deadly weapon was used in the assault upon Wash Irvine by the defendant, then you cannot presume malice from the facts and circumstances surrounding the assault."

"Charge F. I charge you, gentlemen of the jury, that, if you are reasonably satisfied from the evidence that defendant, in the difficulty, only used his fists, then you cannot convict him of assault with intent to murder."

Simpson & Simpson, of Florence, for appellant.

Evidence as to the effect of the blow received by the injured party upon his eye was erroneously admitted. Cochran v. State, 101 So. 74, 20 Ala. App. 109; Humber v. State, 99 So. 71, 19 Ala. App. 451; McKee v. State, 2 So. 451, 82 Ala. 32. Defendant should have been permitted to prove a conversation had by him with the injured party. Johnson v. State, 10 So. 667, 94 Ala. 35; Fonville v. State, 8 So. 688, 91 Ala. 42; Whitehead v. State, 101 So. 70, 20 Ala. App. 95; Cochran v. State, 101 So. 73, 20 Ala. App. 109. The remarks of

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the court, in the presence of the jury, were improper and erroneous. 15 C. J. 827; Rigell v. State, 62 So. 977, 8 Ala. App. 46; Lewis v. State, 45 So. 998, 55 Fla. 54. The part of the oral charge of the court as to the testimony of the defendant was error. Green v. State, 96 So. 652, 19 Ala. App. 239. Charge F was good, and should have been given. Guin v. State, 94 So. 788, 19 Ala. App. 67. Counsel argue for error in other rulings treated, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

Evidence as to the effect of the blow delivered by defendant was properly admitted over objection, and the authorities cited are inapt. Horton v. State, 100 So. 620, 20 Ala. App. 55; Dickey v. State, 102 So. 239, 20 Ala. App. 367. Evidence of a former injury received by the assaulted party was clearly immaterial. Terry v. State, 82 So. 113, 203 Ala. 99. No error is shown in rulings as to the conversation between defendant and Martin. Randall v. State, 72 So. 214, 14 Ala. App. 122; Terry v. State, supra; Dudley v. State, 64 So. 309, 185 Ala. 27; Dobbins v. State, 72 So. 692, 15 Ala. App. 166; Vaughn v. State, 30 So. 669, 130 Ala. 18. The question of the injury of remarks of the court should have been raised by a motion for a new trial. Gilbert v. State, 104 So. 45, 20 Ala. App. 565; 3 C. J. 979. The excerpt from the court's oral charge was without error. Mann v. State, 103 So. 604, 20 Ala. App. 540; Wright v. State, 42 So. 745, 148 Ala. 596. Defendant's requested charges were properly refused. Johnson v. State, 34 So. 209, 136 Ala. 76; Blankenship v. State, 65 So. 860, 11 Ala. App. 125; Howell v. State, 79 Ala. 283; Gilmore v. State, 28 So. 595, 126 Ala. 38; Smith v. State, 7 So. 103, 88 Ala. 23; 13 R. C. L. 803.

SAMFORD, J. [1-3] Exception is taken to the action of the court in permitting Dr. Blackmore, who qualified as an expert, to testify that the blow which cracked the skull of the party assaulted might have affected that party's sight as it was developed the day after the lick was struck. This related to the res gestæ and was therefore relevant. The matter inquired about being the subject of the result of cause and effect as the same related to scientific investigation was properly proven by the opinion of the expert who had duly qualified. The cases of Humber v. State, 99 So. 71, 19 Ala. App. 451, and McKee v. State, 2 So. 451, 82 Ala. 32, are not in point here. Here the matter inquired about related to a conclusion to be drawn from a knowledge of the facts depending upon professional or scientific knowledge or skill. Where this is a fact, experts may testify to conclusions as being the best evidence. 11 R. C. L. 572, 577. That the assaulted party had fallen and cut his head at a time prior to the difficulty was wholly immaterial and irrelevant, and was properly excluded.

[4] The defendant offered to prove a conversation between himself and the party assaulted over the phone, and defendant's counsel stated to the court that:

"He expected to show by the conversation that Irvine (the party assaulted) insisted on him coming down, and in conversation stated that O'Steen, who had audited the books of defendant and Irvine, was there."

The court permitted defendant to testify that Irvine had called him over the phone and invited him to his house, but excluded the conversation. The conversation between Irvine and defendant over the phone was not a part of the res gestæ, nor did it tend to shed any light on the difficulty, and hence was properly excluded.

[5] The defendant, while being cross-examined by the state, was asked as to a part of a conversation that occurred between him and Bobby Martin. The defendant answered these questions, thereby bringing out a part of the conversation. Upon redirect examination, defendant's counsel sought to bring out other parts of this conversation favorable to defendant. The state objected, the objection was sustained, and exception was reserved. It is a well-settled rule that, where one party brings out a part of a conversation, the other party is entitled to the whole.

There were many efforts on the part of the defendant to show that defendant had gone to the home of Irvine on the night of the difficulty upon the invitation of Irvine and upon Irvine's statement that one O'Steen was there, and that the visit was to see O'Steen and not Irvine. The various rulings of the court on these questions had been without error, calling as it did for evidence immaterial, irrelevant, and not a part of the res gestæ, but, when the state called for and received a part of a conversation relating to this visit, the defendant was entitled to all of it, that the jury might say what motive prompted defendant to take the course he did. Jones v. State, 101 So. 331, 20 Ala. App. 247; Bush v. State, 100 So. 307, 19 Ala. App. 650, dissenting opinion.

[6] When Irvine, the party assaulted, was being examined, he testified that when he was struck he was in the kitchen at his home, that he lost consciousness, and did not regain it until the next day in the hospital. When the defendant was being examined as a witness, he testified that, after the difficulty and after he had gone home and retired, Irvine called him up over the phone and invited a renewal of the difficulty. The fact that Irvine called defendant up over the phone at the time testified to was relevant as tending to contradict the testimony of Irvine as to his being unconscious, but the details of what was said were not admissible. The objection to this part of the testimony by the state and the exception reserved are not quite clear.

If the objection and exception go to the fact that Irvine called defendant on the phone at the time named, then the court was in error in sustaining the objection. If the objection and exception relate to the details of the conversation, then the action of the court was free from error.

We have already held that the first conversation between Irvine and defendant over the phone, on the night of the difficulty, and prior to the time that defendant went to Irvine's house, was not a part of the res gestæ and therefore inadmissible. It follows that the attempt to prove one side of this conversation by defendant's wife was for a like reason inadmissible.

During the examination of one Hennessee, a character witness, who testified in behalf of defendant, a question arose as to the disposition of a case that had been pending against defendant in the court where he was then on trial. The defendant's counsel called for the record, whereupon the court said:

" 'That is not necessary. This court presided, and remembers the facts—after it had been continued several times because the Southern Railroad Company's records had been burned up, and they couldn't get the testimony, it was dismissed by this court because of the fact that the state couldn't get the testimony after the records had been burned. I presided in that case, and I know what happened.'

"Defendant excepted in open court to the remarks of the court, and the court said:

" 'Gentlemen, I exclude that and everything else that is testified about it.'

"Whereupon defendant excepted in open court to those remarks made by the court and the court said:

" 'I was not talking to the jury, I was talking to you.' I presided and remember every step that was taken in the case.'

"Whereupon defendant excepts in open court to the remarks of the court. Defendant and state then rest."

The questions here raised will probably not arise on another trial, as the rulings of the court and the oral charge to the jury indicate that the court recognized the error made and attempted to correct it and to eradicate the injury done. We call attention to the rule requiring motions for new trials in presenting questions of this character for review. Bean v. State, 91 So. 499, 18 Ala. App. 281.

[7] Exception is reserved to the following excerpt from the court's oral charge:

"The defendant testified in his own behalf, and this he had a right to do. You cannot disregard or set aside his testimony, any more than you can that of any other witness in the case. The law is, you should take his evidence and weigh it like you do that of the other witnesses in the case, but, when you come to weigh it, you may take into consideration the fact that he is the defendant and interested in the result of the case. If you do not believe his testimony is true, you have a right in your discretion to disregard it."

This is the correct statement of the rule. Mann v. State, 103 So. 604, 20 Ala. App. 540.

The evidence is conflicting both as to the guilt vel non of the defendant and as to the degree of the crime, and hence charges 9, 11, B, E, A, and G were all properly refused.

[8] Charges 14 and 15 do not correctly state the rule as to what constitutes a reasonable doubt. Appellant's counsel states in brief: "Charges 14 and 15 have been pronounced good." If so, counsel have failed to cite the authority, and we know of no such decision.

[9] Charge B omits freedom from fault.

[10-12] Charges C and F were properly refused. Malice may be inferred from the character of the assault made. Smith v. State, 7 So. 103, 88 Ala. 23; 13 R. C. L. 803, § 107.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.