(123 So. 55)

## DIAMOND v. STATE.   (7 Div. 896.)

Supreme Court of Alabama.   June 20, 1929.

Rehearing Denied June 27, 1929.

Emmett W. Harmon and Merrill & Jones, all of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BROWN, J. This is the second appeal in this case. The case on the first appeal was considered by the Court of Appeals, and is reported in 22 Ala. App. 410, 116 So. 312-314, where a statement of the facts appears. In addition to what is there stated, on the last trial, evidence was offered going to show that the defendant, at the time of the difficulty, was 17 years of age, and was larger than the deceased, who was only 14, and about the time of the assault, or immediately before, defendant made a threat that he would kill the deceased.

The witness Dr. Vansant, who was called to administer to the deceased on the afternoon of his injury by the assault made on him by the defendant, testified that he "examined him down to the hips, on the bowels and over the back, he had bruises over the bowels; over the back, and over the left ear. * * * I didn't examine the cheek and from the hips down. There was a bad bruise in the region of his kidneys." He was then allowed to testify, in response to question by the solicitor, over timely objection that the evidence was "illegal, irrelevant, immaterial and incompetent," that in his opinion the de-

ceased had internal hemorrhages, resulting from a rupture of the kidneys or bowels or both, and that he died from the effects of those injuries. This ruling was free from error. Thaggard v. Vafes, 218 Ala. 609, 119 So. 647.

The dying declaration made by the deceased, as testified to by the witness Bomar, though it did not identify defendant as the "colored boy" who "stomped him," was admissible in connection with the testimony of the other witnesses for the state, showing that the defendant was the person who committed the assault on the deceased.

On his examination in chief, the state's witness Searcy Wheeler testified that the defendant kicked the deceased, and on the cross-examination the witness contradicted this statement and testified that defendant stomped the deceased after he had knocked him down. The further question to this witness by defendant's counsel, after the witness had testified that he had not testified that defendant kicked the deceased, "If you did say it, it was wrong, isn't it?" called for a matter which it was the province of the jury to determine. The objection to this question was therefore sustained without error.

For like reason the Court did not err in sustaining the objection of the solicitor to the question put to the witness Rankin, "You remembered about that then better than you do now, didn't you?"

It was permissible for the witness Stewart, who examined the body of the deceased, to state that the wounds on the body were plainly visible. Mayberry v. State, 107 Ala. 64, 18 So. 219.

Evidence tending to show bias or prejudice on the part of a witness is admissible to enable the jury to estimate his credibility, and therefore it was not error for the court to allow the solicitor on cross-examination to ask the witness Will Diamond as to his feeling toward the Wheeler boys at the time of testifying and prior thereto. Allen v. Fincher, 187 Ala. 599, 65 So. 946; Bigham v. State, 203 Ala. 162, 82 So. 192; Jones v. State, 76 Ala. 8; Underhill Cr. Ev. § 390.

The defendant testified that during the fistic combat the deceased struck him with his fist on the cheek, breaking the skin and causing blood to flow, and the father of the defendant testified to the wound on the defendant's cheek, and that it had been bleeding. This made relevant and material the testimony of the witness Tolbert, that he saw no such wound on the defendant's face when he arrested him on the day of the fight, as impeaching evidence going to the credibility of the defendant's testimony and that of his father.

Though immediately following the oral charge of the court as transcribed and incorporated in the record there appears a notation of an exception to that part of the oral charge dealing with the duty of retreat, no excep-

tion is shown by the bill of exceptions. This was necessary to invite review.

The defendant's motion for new trial questions the soundness of the verdict on the ground that it is contrary to the law and the evidence, and because of the alleged disqualification of the juror Sneed, who became ill during the trial, requiring that he be administered to by a physician, who administered to him one or more doses of morphine.

Speaking to the first ground, as a general rule, when a person enters into combat with another, intending no more serious injury than an ordinary battery, and no weapon is used, and death ensues, the person thus causing death, if his acts were wrongful or unlawful, and nothing more appears, would be guilty of no higher grade of homicide than manslaughter in the first degree. 13 R. C. L. 851, § 154. Still, if the force used is excessive and the assault is brutal, malice may be inferred which would raise the grade of the offense to murder. McWhirt's Case, 3 Grat. (Va.) 594, 46 Am. Dec. 196; People v. Perdue, 49 Cal. 425.

In the instant case there was some evidence tending to show a brutal assault, and that it was attended with threats to kill, making it a question for the jury as to whether the offense was murder or manslaughter.

In Alabama Lumber Co. v. Cross, 152 Ala. 562, 44 So. 563, 126 Am. St. Rep. 55, it was held that the voluntary use of intoxicating liquors by a juror during the trial of the case though reprehensible, would not warrant a new trial, "unless there is some reason to suppose that such liquors were drunk at such time or in such quantities as to unfit the juror from the performance of his duties." And it has been decided that the use of ardent spirits as medicine for relief from actual illness on the part of a juror, will not, without more, warrant a new trial. 20 R. C. L. 252, § 35; Pope v. State, 36 Miss. 121; Gilmanton v. Ham, 38 N. H. 108; O'Neill v. Keokuk, etc., R. Co., 45 Iowa, 546; 35 Am. Dec. (note) 258, 136 Mass. 256.

After careful consideration of the evidence offered in support of the motion, giving due weight to the ruling of the trial judge, who had the opportunity to observe the condition of the juror, we are not able to affirm error in overruling the motion on this ground.

This disposes of all matters presented in argument, and we have examined all others, and find nothing to warrant a reversal of the judgment of the circuit court.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

## On Rehearing.

PER CURIAM. The court sitting in banc has considered the appellant's application for rehearing and also ex mero motu reconsidered the points raised by the ruling on the motion for new trial, and the opinion prevails that the exceptions of the appellant to the oral charge of the court are without merit, and that error cannot be affirmed as to the ruling on the motion. The application for rehearing is therefore overruled.

All the Justices concur.