(126 So. 604)

### WALTERS v. STATE.
### 3 Div. 648.

Court of Appeals of Alabama.
Feb. 11, 1930.
Rehearing Denied March 4, 1930.

Hamilton & Jones, of Evergreen, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

SAMFORD, J.

█ The homicide here complained of grew out of a difficulty between the defendant and deceased at a lonely place on the public road at about eleven o'clock at night. No one else was present at the time of the killing and therefore the statement of defendant is the only direct testimony as to what took place. There were certain facts and circumstances, aside from the testimony of defendant, tending to shed light on the issues and from which the jury was authorized to draw inferences tending to 'sustain the state in its contention that the homicide was unlawful, and that it was done with malice. It is conceded that the homicide was committed; that the defendant struck the fatal blow; that in doing so he used an automobile pump (a deadly weapon), and that the killing was unlaw-

ful, unless the defendant may be justified under his plea of self-defense. But, it is seriously insisted that the facts proving the killing rebuts the presumption of malice, which is ordinarily presumed from the use of a deadly weapon, and that the jury should have been so instructed affirmatively. Malice, design, and motive are as a rule but inferential facts. They are inferred from facts and circumstances positively proven. If direct positive proof of them were required it could rarely be given. Hadley v. State, 55 Ala. 31. In the instant case there was proof tending to show that the killing was done with an instrument calculated to produce death. It was therefore for the jury to say under the evidence whether the act was done with malice. Roberts v. State, 68 Ala. 156. We are cited the case of Diamond v. State, 219 Ala. 674, 123 So. 55, to sustain defendant's contention that under the facts here there cannot be a conviction for a greater crime than that of manslaughter. It will be observed that in the Diamond Case no weapon was used. Even in that case it was observed that there was some evidence tending to show a brutal assault, and that it was attended with threats to kill, making it a question for the jury as to whether the offense was murder or manslaughter. In the instant case there was some evidence of bad feeling, and of an implied threat, and certainly evidence from which the jury could infer a brutal assault far in excess of any mere defense incident to a mutual rencounter. The statement of the rule cited by appellant in 13 R. C. L. p. 851, par. 154, is applicable in cases where no weapons are used, but where as here, a weapon calculated to produce death or great bodily harm was used, and in such manner as to evidence a vicious attack rather than as a defensive measure, the jury is authorized to infer all the malice necessary to fix the degree of the crime as murder and not manslaughter.

█ We have carefully considered refused charges 16 and 27. These charges omit a consideration of the doctrine of retreat and it is insisted by appellant that this case comes under the influence of those cases which hold that where the evidence discloses a situation where retreat was apparently impossible without apparent increase of defendant's peril, the hypothesis of the doctrine may be omitted in a charge. Such a rule is recognized in Madison v. State, 196 Ala. 590, 71 So. 706, but there is no such state of facts here. The facts and circumstances surrounding this killing leave the question of retreat open to the jury. Charges pretermitting its consideration are properly refused. The foregoing applies specifically to charges 16, 18, 20, 22, 24, and 27.

The substantive law included in charges 13, 14, and 17, were fully covered by the court in his oral charge.

■ In connection with the testimony of Doctors Ray and Jones there was introduced in evidence a diagram of a human head indicating the location of the wounds on the head of deceased. This diagram was made by the two doctors in collaboration, and who had examined the head and wounds of deceased. There was no error in admitting the diagram in connection with and as illustrative of the testimony of these two expert witnesses. 4 Mitchies Digest 203 Par. 276.

The issues were fairly presented to the jury, the evidence on all questions was sufficient to sustain the verdict, and the motion for new trial was properly overruled.

There is no error in the record and the judgment is affirmed.

Affirmed.