26 So.2d 205

**BOWEN v. STATE.**

5 Div. 226.

Court of Appeals of Alabama.

May 21, 1946.

Clayton, Clayton & Clayton, of Clayton, and C. T. Reneau, of Wetumpka, for appellant.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

Appellant was indicted for and by a jury found guilty of assault with intent to murder. His punishment was by the court fixed at twelve years imprisonment in the penitentiary.

Mr. Loyal Weldon operates a store located in Elmore County near the Coosa River on the Montgomery-Wetumpka highway. About 7:30 p. m. on January 3, 1945, while the store was yet open for business the appellant, Melvin Bowen, and a companion identified in the record only as "the other boy," came into the store. Mr. Weldon was standing by a heater near the rear of the store, and Mrs. Weldon was present in the store also. Mrs. Weldon asked the pair what they would have. Neither replied, but continued on toward the back of the store. Mrs. Weldon again inquired what they would have, and "the other boy" replied "I don't know as there is anything in here we want." Mr. Weldon then told them "If there is nothing in here you want, just get out." Immediately "the other boy", in the language of Mr. Weldon, "* * * made for me." They scuffled, and again quoting Mr. Weldon, "* * * and as I was about getting the best of him, this boy here" (defendant) "grabbed me by one foot and started dragging me. I was standing between the show case and the door. Just the minute he grabbed my foot I caught the door facing and I called for my gun, my pistol." When Mr. Weldon called for his pistol both assailants ran. The appellant later that night came to the police station in Montgomery and requested a place to stay for the night. He also informed or admitted to the police the facts of the difficulty at Mr. Weldon's store. "The other boy" has never been apprehended.

The above testimony constituted the State's case. The appellant presented no evidence. He·did however request in writing a charge to the effect that if the jury believed the evidence they could not find the defendant guilty of assault with intent to murder. This requested charge was refused by the court below.

Appellant's motion for a new trial was posited on the refusal of the trial court to give the above-requested written charge, and also on the grounds that the verdict was contrary to the law, to the evidence, and against the great weight of the evidence. The motion was denied by the court below, appellant duly excepting to such action.

■ Assault with intent to murder is an assault with an intent to take life, under circumstances which if successful would constitute murder in either degree. Horn v. State, 98 Ala. 23, 13 So. 329; Chestnut v. State, 7 Ala.App. 72, 61 So. 609.

It is clear that the acts of the appellant himself amounted only to an assault and battery. If guilty of the offense of assault with intent to murder his guilt must flow from his status under the common-law concept of principal in the second degree, or more specifically as an aider and abbetor, as such status has been changed and fortified by our statute abolishing the common-law distinction in cases of felony between principals in the first and second degree, and accessories before the fact and principals, and providing that all persons concerned in the commission of a felony must be tried and punished as principals. (See Sec. 14, T. 14, Code of Alabama 1940.) The conduct of appellant's companion is therefore the ultimate factor determining appellant's guilt.

■ Assault with intent to murder was a high misdemeanor at common law. Our statute imposing severer sanctions converts it into a felony without changing in any way its essential common-law elements.

■ We find statements in our cases that the facts to be looked to as important in determining this intent to take life, an essential element in the offense of assault with intent to murder, are the character of the assault, the use or lack of a deadly weapon, and the presence or absence of excusing or palliating circumstances. Meredith v. State, 60 Ala. 441; Smith v. State, 88 Ala. 23, 7 So. 103.

■ Fully recognizing that this intent is an inference to be determined by the jury from the facts, yet this presumption of intent must be inferred from facts proved so clearly as to leave no reasonable doubt of the intent of the accused to commit murder. Horn v. State, supra.

■ The verdict of a jury and the judgment of a trial court are solemn pronouncements, and an appellate court should most hesitantly disturb either. Further, the decision of a trial court, refusing to grant a motion for a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. Cobb v. Malone and Collins, 92 Ala. 630, 9 So. 738; Girardino v. Birmingham Southern R. Co., 179 Ala. 420, 60 So. 871; Norris v. Neely, 28 Ala.App. 171, 180 So. 124; Taylor v. State, 30 Ala.App. 316, 5 So.2d 117. The duty yet remains in this court however "to revise the verdicts of juries and the· conclusions of trial judges on questions of fact, where, in our opinion, after making all proper allowances and indulging all reasonable intendments in favor of the court below, we reach a clear conclusion that the finding and judgment are wrong." Lamar Life Insurance. Co. v. Kemp, 30 Ala.App. 138, 1 So.2d 760, 761; Taylor v. State, supra.

■ The only evidence of the character of the attack by the principal offender in this case was that there was a "scuffle," apparently taking the participant from the rear of the store towards the front. The testimony indicates that neither participant was off his feet at any time. No information is disclosed by the record as to the vigor of the attack, nor the size and

physical attributes of the participants. While Mr. Weldon was before the jury as a witness, the appellant's companion was not. At common law one could be guilty of assault with intent to murder where no deadly weapon was used (See Bishop on Criminal Law, 9th Ed., Vol. 2, Sec. 741), and this court has held that a written charge that if an accused used only his fists in a difficulty he could not be convicted of an assault with intent to murder was properly refused. Kirkland v. State, 21 Ala.App. 348, 108 So. 262. Yet, the inferences as to the real intent of the offender to be drawn from his apparent physical ability, particularly in comparison with the potential physical ability of the person attacked, in affrays where no weapon is used, cannot be overlooked, and the lack of such enlightening facts leaves an obscure trial indeed to any legal conclusion, the correctness of which would be reasonably certain. In addition to the above hiatus in the evidence, and bearing on the intent of the principal offender, no weapon of any sort was used in the attack on Mr. Weldon.

The facts developed by the State, because of their meagreness, must be considerably reinforced by surmise and speculation if the offense of assault with intent to murder is to be made out against appellant's companion. This case has received careful consideration by the court in full. We have concluded that the preponderance of the evidence against the verdict and judgment, resulting from the inadequate state of the evidence, is so strong, that after allowing all reasonable presumptions of their correctness, we are clearly convinced that the verdict and judgment are wrong, and that to affirm this case would be unjust. It follows, therefore, that it is our opinion that the trial court erred in its refusal to grant appellant's motion for a new trial on the grounds set forth in said motion.

Reversed and remanded.