**UNITED STATES ex rel. MILLS v.
REING, United States Marshal
No. 10005.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 16, 1950.

Decided July 12, 1951.

Rehearing Denied Sept. 18, 1951.

David Levinson, Philadelphia, Pa., Ralph
E. Powe, New York City, for appellant.

Edward A. Kallick, Asst. U. S. Atty.,
Philadelphia, Pa., for appellee.

Before BIGGS, Chief Judge, and KA-
LODNER and HASTIE, Circuit Judges.

BIGGS, Chief Judge.

On April 4, 1949 Fletcher Mills filed a
petition for a writ of habeas corpus in the
court below asserting that he is unlawfully
restrained of his liberty by the United
States Marshal by reason of a fugitive
felon warrant based on Section 408e of
Title 18, U.S.Code, 1940 ed., now Section
1073, Title 18, United States Code, issued
out of the United States District Court
for the Northern District of Alabama,
Western Division. The Grand Jury of that
Court returned a true bill against Mills
charging that he "* * * did unlawful-
ly, knowingly, and feloniously travel and
move in interstate commerce, that is to
say from * * * Tuscaloosa * * *
Alabama, to Detroit * * * Michigan,
[with] * * * the intent to avoid prose-
cution for having assaulted one Roy Terry
with a dangerous weapon, to wit, a knife,
with intent to murder Terry * * * in
* * * Alabama * * *". Mills
was apprehended in Pennsylvania and was
held to answer by a United States Com-
missioner in the Eastern District of Penn-
sylvania.

Section 1073, Title 18 United States Code,
in effect at the time Mills was arrested
and taken before the United States Com-
missioner in the Eastern District of Penn-
sylvania, viz., on April 1, 1949, provides:
"Whoever moves or travels in interstate or
foreign commerce with intent either (1)
to avoid prosecution, or custody or confine-
ment after conviction, under the laws of the
place from which he flees, for murder, kid-
napping, burglary, robbery, mayhem, rape,
assault with a dangerous weapon, or ex-
tortion accompanied by threats of violence,
or attempt to commit any of the forego-

ing offenses as they are defined either at common law or by the laws of the place from which the fugitive flees,[1] or (2) to avoid giving testimony in any criminal proceedings in such place in which the commission of an offense punishable by imprisonment in a penitentiary is charged, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

"Violations of this section may be prosecuted only in the Federal judicial district in which the original crime was alleged to have been committed or in which the person was held in custody or confinement." [2]

It is clear that the crime that the relator is charged by the indictment with having committed is within the purview of the Fugitive Felon Act both as it now is and as it existed prior to the amendment contained in Title 18, United States Code, hereinbefore referred to. See Alabama Code 1940, Title 14, Section 38, and Bowen v. State, 1946, 32 Ala.App. 357, 26 So.2d 205. There is no doubt that the appellant is the Fletcher Mills named in the indictment and that the indictment was returned by the grand jury of the United States District Court for the Western Division of the Northern District of Alabama. Since an indictment was returned there is *prima facie* showing that the crime described in the indictment was committed and that Mills committed the crime in Alabama before he left that State. It is conceded that Mills is the person named in that indictment and that he committed the acts set out in the indictment. He asserts that he committed these acts in self-defense to save his own life. This defense is one which he can assert at his trial in the United States District Court in Alabama but the sufficiency of the defense may not be tested in the court below on application for a writ of habeas corpus. See Barrow v. Owen, 5 Cir., 89 F. 2d 476, and the authorities cited to the decision of this court in United States v. Brandenburg, 144 F.2d 656, 154 A.L.R. 1160, 1168 et seq.

A very large part of Mills' argument both in this court and in the court below was directed to the decision of this court and the opinion, concurring in part, dissenting in part, of the late Judge O'Connell in Johnson v. Dye, 3 Cir., 175 F.2d 250. This decision was reversed by the Supreme Court, *sub nom.* Dye v. Johnson, 338 U.S. 864, 70 S.Ct. 146, 94 L.Ed. 530, on the authority of Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572, upon the ground that Johnson had not exhausted his state remedies. Mills contends that if he is returned to trial in Alabama he will not receive a fair trial, that his life will be in jeopardy and that he will be subjected to cruel and unusual punishment; in short, that he will be denied due process of law as guaranteed to him by the Constitution of the United States. But Mills' trial, at least on the present charge, will take place in a United States District Court and we will not and may not assume that at such a

1. The phrase, "offenses as they are defined either at common law or by the laws of the place from which the fugitive flees" was inserted to remove the ambiguity discussed in the opinion of this court in U. S. v. Brandenburg, 3 Cir., 144 F.2d 656, 154 A.L.R. 1160. See Reviser's Notes, 18 U.S.C.A. § 1072.

2. Section 408e of Title 18, United States Code, 1940 ed., in effect at the time the indictment referred to was returned, provided, "It shall be unlawful for any person to move or travel in interstate * * * commerce from any State * * * of the United States * * * with intent either (1) to avoid prosecution, or custody or confinement after conviction for murder, kidnapping, burglary, robbery, mayhem, rape, assault with a dangerous weapon, or extortion accompanied by threats of violence, or attempt to commit any of the foregoing, under the laws of the place from which he flees; or (2) to avoid giving testimony in any criminal proceedings in such place in which the commission of a felony is charged. Any person who violates the provision of this section shall, upon conviction thereof, be punished by a fine of not more than $5,-000 or by imprisonment for not longer than five years, or by both such fine and imprisonment. Violations of this section may be prosecuted only in the Federal judicial district in which the original crime was alleged to have been committed or in which the person was held in custody or confinement."

trial Mills will not be accorded his constitutional rights not only in form but in substance. If, thereafter, Mills is proceeded against by the State of Alabama on the State charge, the Fourteenth Amendment to the Constitution of the United States guarantees him a trial in accordance with due process of law. The principles elucidated by the court in Johnson v. Dye, supra, are not applicable for there is no showing whatsoever that Mills was subjected to cruel or unusual punishment or, indeed, treated cruelly in any way by an officer of the United States or of the State of Alabama. The decision of this court in Johnson v. Dye was not based on anticipated cruel or unusual punishment or treatment. Cf. the opinion of Judge O'Connell, 175 F.2d 257 et seq. In the Johnson case we concluded that the appellant had been subjected to cruel and unusual punishment and that for that reason he should be discharged from custody. We conclude, therefore, that on the merits the decision of the court below in the instant case should be affirmed.

We have discussed the foregoing questions because of the importance of the issues involved. A procedural question remains to be disposed of, however. Reing, the United States Marshal to whose custody Mills was committed, has moved to dismiss the appeal on the ground that Section 2253, Title 28 United States Code, provides no right of appeal from an order dismissing a petition for a writ of habeas corpus where the writ was issued in a proceeding to test the validity of a warrant of removal issued pursuant to Section 3041, Title 18, U.S. Code. Section 2253, Title 28 United States Code, as amended May 24, 1949, c. 139, Section 113, 63 Stat. 105 provides: "In a habeas corpus proceeding before a circuit or district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit where the proceeding is had.

"There shall be no right of appeal from such order in a proceeding to test the validity of a warrant of removal issued pursuant to section 3042 [3] of Title 18 or the detention pending removal proceedings.

"An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause."

Mills was taken into custody on March 22, 1949, was immediately taken before a United State Commissioner in Philadelphia and was held in bond for a further hearing to await the receipt of a certified copy of the indictment hereinbefore referred to. On April 1, 1949, the Commissioner held Mills for removal to Alabama. At the time of the commitment the second paragraph of Section 2253, Title 28 U.S.Code, referred to Section 3041 of Title 18 U.S.Code, instead of to Section 3042. The legislation effecting the amendment, P.L. 72, Act of May 24, 1949, c. 139, § 113, 63 Stat. 105, was accompanied by a report, "House Report 352, which stated in pertinent part: "This section corrects the typographical error in the second paragraph of Section 2253 of Title 28." That the figure "1" was substituted for the figure "2" by mere inadvertence is also demonstrated by the Reviser's Notes to Section 2253, 28 U.S.C.A., for the Sections of Title 28 U.S.Code 1940 ed. referred to in the notes follow precisely the prior statutory pattern and indicate no pertinent change. It follows, therefore, that Congress did not intend to effect any drastic revision of the prior law by enacting Section 2253. Section 3042, Title 28, U.S.Code, refers to extraterritorial jurisdiction and does not obviate appeals from courts or magistrates of the United States exercising within the United States the powers conferred on them by the Constitution or laws of the United States. It is the contention of the appellee that Section 3042 supplements Section 3041 and "in no sense replaces it". We fail to see how this argument has any force under the circumstances of the instant case for though Section 3042 does indeed supplement Section 3041 and does not replace it, the exception contained in the second paragraph of Section 2253 of Title 28 was intended to be directed only to

---

3. Emphasis added.

the provisions of Section 3042 of Title 18. Appeals lie in those cases, not covered by the exception.

At the argument of this appeal it was conceded by the United States that there have been cases where persons remanded under such federal process as is here invoked to answer a federal indictment have been removed to the federal district of indictment and then surrendered forthwith to state custody. However, counsel stated that he had no knowledge of any such practice in Alabama or any such intention in this case. There is no evidence to the contrary before us. Therefore, we find no basis now for anticipating the legal questions which such surrender of a federal prisoner might raise and make cognizable at the time of its occurrence in an appropriate tribunal.

Accordingly the motion to dismiss the appeal will again be denied and the order of the court below will be affirmed.