The defendant was indicted and convicted for assault with intent to murder and sentenced to four years' imprisonment. At trial and on appeal he is represented by retained counsel.
The State's evidence tends to show that on the evening of October 22, 1978, Robert Bailey was with two friends in the Regal Lounge in Jefferson County. The defendant, who did not know Bailey and whom Bailey did not know, was also present with three of his friends. Though Bailey denied saying anything to the defendant, another State's witness and one of the friends with Bailey, Bobby Beard, testified that some words were had between Bailey and the defendant although he did not hear what those words were.
Bailey went to the restroom. He was facing the wall when he heard the door squeak. He turned his head and saw the defendant. Bailey testified, "about the time I turned back toward the wall, that's the last thing I knowed" until he woke up in the hospital "two or three weeks later".
Beard testified that he saw the defendant follow Bailey into the restroom. Beard also followed but arrived just as the door closed and waited outside. In "less than a minute" he heard "something hitting the floor" and saw the defendant come out and walk away without saying anything. Before the door closed, Beard saw Bailey lying on the floor "covered in blood". Bailey was "sort of like coughing in a way, but he was unconscious. And blood was pouring out of his mouth, you know, where he was coughing up blood and everything." Bailey's face "looked like somebody had run over him". Beard testified that "there wasn't nobody else" in the restroom.
Dr. Robert E. Howe, a plastic surgeon, examined Bailey on October 24th in the *Page 392 
neurosurgical intensive care unit at Carraway Hospital. He testified that Bailey had "cuts above the eye, cuts through the lip, all the way through and through the lip, and fractures of his facial skeleton, which included fractures across both cheek bones, above both eyes, across the nose with multiple fractures in the middle portion of the head". Wire fixations of the breaks were necessary to hold the fractures together. The testimony indicated that "the extent of his injuries were that this part of his face was just knocked loose from the rest of his head, rest of his skull". Dr. Howe stated that this type of severe trauma is mostly associated with automobile accidents and not the result of a fist fight. His records show that Bailey regained consciousness and was alert on October 23rd. With his testimony the State rested.
Although the defendant did not testify, his evidence revealed that he had had a fight with Bailey and that he had hit Bailey with his fist and kicked him in the face with his dress boot while he was lying on the floor. The defense attempted to show that Bailey had been provoking the defendant throughout the evening. No one actually saw the defendant hit Bailey though the defendant admitted to some friends that he did.
In rebuttal the State called Sergeant T.B. White of the Birmingham Police Department. In connection with this case Sergeant White took the defendant's statement on November 11, 1977. This statement was read into evidence after the State proved that it was voluntary and in accordance with Miranda v.Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In the statement, the defendant alleged that Bailey had caused him trouble throughout the evening and that he had seen someone injured on the bathroom floor but had not seen what had happened.
 I
The elements of the offense of assault with intent to murder are (1) an assault and (2) an intent to murder. Lawhon v.State, 41 Ala. App. 577, 141 So.2d 205 (1962). An accused may be guilty of assault with intent to murder where no deadly weapon was used, Hall v. State, 348 So.2d 870 (Ala.Cr.App.), cert. denied, Ex parte Hall, 348 So.2d 875 (Ala. 1977); Bowen v.State, 32 Ala. App. 357, 26 So.2d 205 (1946), or where the accused only used his fists as malice may be inferred from the character of the assault. Sparks v. State, 261 Ala. 2,75 So.2d 103 (1954); Kirkland v. State, 21 Ala. App. 348, 108 So. 262
(1926).
To authorize a conviction for assault with intent to murder, the evidence must show an assault with intent to take life, under circumstances which would have constituted murder if death had resulted. Hamm v. State, 56 Ala. App. 632,324 So.2d 345 (1975). An intent to take life is an essential element of the defense. Morgan v. State, 33 Ala. 413 (1859); Bowen, supra. The State's evidence revealed that Bailey was attacked from behind and never knew what hit him. His injuries reveal that he was assaulted in a brutal and vicious manner causing severe bodily injury. Both malice and intent to murder may be inferred from the character of the assault. Diamond v. State, 219 Ala. 674,123 So. 55 (1929); Ray v. State, 147 Ala. 5, 41 So. 519
(1906).
After the State had rested its case, testimony was elicited from witnesses for the defense that the defendant kicked Bailey with his dress boot. In his oral charge the trial judge instructed the jury that malice may be inferred from the intentional use of a deadly weapon. He also charged on the lesser included offense of assault and battery.
Although there was no eyewitness testimony presented during the State's case that the defendant either hit or kicked Bailey, the circumstances permitted such an inference to be drawn by the jury. Eyewitness testimony of the defendant's participation in the criminal act is not required. Circumstantial evidence alone may be sufficient to support a conviction. White v. State, 294 Ala. 265, 314 So.2d 857, cert. denied, 423 U.S. 951, 96 S.Ct. 373, 46 L.Ed.2d 288 (1975). *Page 393 
We are of the opinion that the questions of malice, intent and identity were issues of fact for the jury's determination.Hall v. State, 348 So.2d 870 (Ala.Cr.App.), cert. denied,348 So.2d 875 (Ala. 1977); Kean v. State, 38 Ala. App. 675,92 So.2d 435 (1957).
 II
Since death is not the natural or probable result of a blow with the hand or foot, the general rule is that no intent to kill will, under ordinary circumstances, be inferred, although death results from an assault thus committed. 22 A.L.R.2d 854, 857 (1952). However an assault by blows without a weapon may be attended with such circumstances of violence and brutality that an intent to kill may be inferred. Oliver v. State, 234 Ala. 460,175 So. 305 (1937); Kirkland v. State, 21 Ala. App. 348,108 So. 262 (1926); Tennant v. State, 26 Ala. App. 206,155 So. 885 (1934); 22 A.L.R.2d at 861.
Generally, malice raising the grade of a homicide from manslaughter to murder will not ordinarily be inferred from a blow with the fist. Lanier v. State, 31 Ala. App. 242,15 So.2d 278, cert. denied, 244 Ala. 638, 15 So.2d 280 (1943); Pair v.State, 33 Ala. App. 108, 31 So.2d 107, cert. denied, 249 Ala. 317, 31 So.2d 114 (1947); 22 A.L.R.2d at 868. However if the defendant used excessive force or was guilty of extreme brutality, malice may be inferred. Clarke v. State, 117 Ala. 1,23 So. 671 (1898); Diamond v. State, 219 Ala. 674, 123 So. 55
(1929); Oliver, supra; Kirkland, supra; Tennant, supra; 22 A.L.R.2d at 871.
Alabama has adopted the view that it is the use of the weapon and not solely its nature that determines whether it is likely to produce death as bearing on the question of the degree of the homicide. Carter v. State, 31 Ala. App. 526, 19 So.2d 361, cert. denied, 246 Ala. 101, 19 So.2d 364 (1944) (a "car crank"). Thus a deadly weapon is not only a weapon with which death may be easily and readily produced, but one which is likely to produce death or great bodily harm from the manner in which it is used. Matthews v. State, 51 Ala. App. 417,286 So.2d 91 (1973) (file); Williams v. State, 251 Ala. 397, 39 So.2d 37
(1949) (a large stone); Duncan v. State, 30 Ala. App. 356,6 So.2d 450 (1942) (a coca-cola bottle). The instrument or weapon used in inflicting injuries upon the person of another may or may not be esteemed deadly, according to the manner of its use and the subject on which it is used. Sharpe v. State,340 So.2d 885 (Ala.Cr.App.), cert. denied, 340 So.2d 889 (Ala. 1976) (an aluminum chair). Thus we cannot state, as a matter of law, that kicking with a shoe-clad foot may not constitute assault with a deadly weapon. While feet or shoes are not deadly weapons per se, the manner of their use in particular situations may make them deadly weapons. 33 A.L.R.3d 922, 925 (1970).
 III
On appeal the defendant takes exception to a portion of court's oral charge given to the jury's request for a repeat of the charge on the use of a deadly weapon. We find that the charge when construed as a whole as is required, Gosa v. State,273 Ala. 346, 350, 139 So.2d 321 (1962); Van Antwerp v. State,358 So.2d 782, 786 (Ala.Cr.App.), cert. denied, Ex parte VanAntwerp, 358 So.2d 791 (Ala. 1978), is a proper statement of the law and of the principles we have set forth above.[1] *Page 394 
Moreover we note that at trial defense counsel announced "satisfied" with the court's initial and subsequent charges. The question of the correctness of the court's oral charge to the jury cannot be raised for the first time on appeal. Allisonv. State, 281 Ala. 193, 200 So.2d 653 (1967). Exceptions to the oral charge reserved for the first time in a motion for new trial cannot be considered. Gurley v. State, 216 Ala. 342,113 So. 391 (1927); Snider v. State, 39 Ala. App. 234, 92 So.2d 163
(1957). Consequently the defendant, by failing to object to the court's oral charge, has no cause to complain.
 IV
In the absence of an appropriate objection during trial, the issue of whether an in-court identification was tainted by a pretrial photographic display or lineup is not preserved for review. Rhine v. State, 360 So.2d 1056 (Ala.Cr.App.), cert. denied, Ex parte Rhine, 360 So.2d 1060 (Ala. 1978); Allen v.State, 47 Ala. App. 566, 258 So.2d 909 (1972).
 V
While sufficient provocation under certain circumstances may reduce the offense of assault with intent to murder to assault and battery, Smith v. State, 86 Ala. 28, 5 So. 478 (1888);Jones v. State, 96 Ala. 102, 11 So. 399 (1892), passion engendered by mere words will not serve to reduce a felonious assault to simple assault. Ellis v. State, 120 Ala. 333,25 So. 1 (1899). The defendant's argument that Bailey could have been the aggressor and provoked the defendant is without merit. The question of who was the aggressor is to be ascertained by fact and not by presumption. Clark v. State, 216 Ala. 7, 111 So. 227
(1927). Under the evidence this was a question for the jury.
We have searched the record for error prejudicial to the defendant and found none. The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.
[1] The court charged the jury:
 "Now, a deadly weapon, as I said, is not necessarily an instrument from which a blow would ordinarily produce death. An ax in the back of the head, you could say that would ordinarily produce death. In order for it to be a deadly weapon it doesn't have to be necessarily that. In other words, it doesn't have to be a weapon or an instrument or whatever which would ordinarily every time cause death. But one from which — but is has to be an instrument from which as it was used, as it was used, would probably result in death, probably.
 "In other words, looking at the way this instrument was used death would probably result. In other words, the jury looks to the manner of its use, the subject against whom it is used, and the results, the actual results, in order to determine if that intent was present. In other words, a deadly weapon is not only a weapon with which death may be easily or readily produced, but one which is likely to produce death or great bodily harm from the manner in which it is used.
 "Now, if you determine that a deadly weapon was used, a shoe, boot, whatever, in the manner in which it was used it became a deadly weapon, then the law says that you may infer that there was an intent to take life from the intentional, wrongful use of that deadly weapon. If you determine that a deadly weapon was in fact used, you may infer from the fact that it was — that there was a deadly weapon, that it was intentionally used, that there was an intent to kill, unless the facts of the assault show to you that there was no such intent, or other circumstances in the case show to you that there was no such intent."